# HIGHLAND INVESTMENT COMPANY v. KANSAS CITY COMPUTING SCALES COMPANY, T. M. WALKER et al., Appellants.

### Division Two, March 17, 1919.

1. **NEGOTIABLE NOTE: Extension: Pleading: Evidence Contrary to Exhibit.** The statutes do not make an exhibit filed with the pleading so far a part thereof as to dispense with allegations necessary to a statement of a cause of action; but when a suit is founded upon a written instrument and the petition bases the right to recover on the instrument as filed, plaintiff is bound by its terms when it comes to the introduction of evidence. In the absence of pleading showing an unauthorized extension or an extension by mistake, plaintiff cannot be permitted to show that the note sued on, filed as an exhibit and made a part of the petition, is not what it purports to be, or that it contains matter which is not in the contract sued on.

2. ————: **Alteration.** An alteration by the principals to a negotiable note, without the consent of the surety or indorser, will release the surety or indorser. But the former rule which avoided the note whether the alteration were material or immaterial has been modified by the Negotiable Instrument Act (Sec. 10095, R. S. 1909), which restricts the rule to material alterations, and sets out what alterations shall be deemed material.

3. ———: ———: **Premature Payment of Interest.** The payment of interest in advance, when the note called for interest to be paid annually, without an agreement that it should operate as an extension of time or in any way affect the terms of the contract, is not material alteration, but is an act done in performance of the contract.

4. ———: ———: ———: **Limitations.** The payment of interest by the maker, in advance or after due, although it tolls the Statute of Limitations, does not release ·indorsers. Besides, while such payment tolls the statute as to sureties or joint makers, it does not interrupt its running as to those whose undertaking is collateral, such as indorsers, or accommodation parties.

5. ———: **Mortgage: Surrender: Release of Indorsers.** The failure of the payee of a note to record a mortgage on personal property worth more than the amount of the note, given by the maker to secure its payment, and the sale of all the mortgaged property by the maker without applying any of the proceeds to the payment of the note, released those indorsers who did not consent to a withholding of the mortgage from record or assisted in disposing of the property contrary to its terms.

6. ———: ———: **Privilege of Sale.** A provision in the mortgage conveying 700 machines to secure the payment of a note, that the mortgagor might sell the machines as their manufacture was completed and out of the proceeds of the sales apply $25 for each machine on the note, did not affect the validity of the mortgage as between the parties, and in a suit by the holder of the note against the maker and indorsers it is not necessary to determine the validity of the mortgage as against creditors.

Appeal from Jackson Circuit Court.—*Hon. Joseph A. Guthrie,* Judge.

REVERSED AND REMANDED.

*Gage, Ladd & Small R. E. Ball* for appellants.

(1) The petition alleged that the interest was paid in advance to March 29, 1913, and alleged and therefore admitted that a true copy of the note was attached to the petition. The attached copy had memoranda written on the face and also on the back of it, that on January 19th, the interest was paid in advance ·to March 29, 1913, and the note extended to that time. There being no allegation in the petition or reply that

this was done by mistake or without authority—and no denial in the reply of the allegations of the answer that such payment of interest and extension was written on the note by the bank—it was error for the court to admit testimony tending to prove that it was so written there by mistake or want of authority. (2) The uncontradicted evidence of both parties was that the appellants never consented to any extension of the note. If, therefore, the interest was paid in advance and the bank and scales company agreed to extend the note for ninety days, as stated on the face and back of the note and on the books of the bank, the appellants were released. Nelson v. Brown, 140 Mo. 580; Stillwell v. Aaron, 69 Mo. 539; Insurance Co. v. Hauck, 71 Mo. 465. (3) The uncontradicted evidence of plaintiff shows that if there was want of authority or mistake on the teller's part in extending the note in the first place, the bank with full knowledge of all the facts, before the ninety days extension expired, kept the interest charged and made no change of any kind on the note or on its books. It therefore ratified the extension. It cannot blow hot and cold. Therefore, the appellants' demurrers should have been sustained. Smith v. Richardson, 77 Mo. App. 432; First Natl. Bank v. Fricke, 75 Mo. 178; Krause v. Uedelhofer, 193 Ill. 477; Donovan R. E. Co. v. Clark, 84 Mo. App. 163. (4) The note provided on its face that it should bear interest "from date" at the rate of six per cent per annum "until paid," and that the interest should be paid :'annually." It therefore provided that if the note was allowed to run beyond maturity the interest should be paid annually and not in advance. If, therefore, there was an agreement between the bank and the Scales Company, as testified to by plaintiff's witness, Pollard, that after maturity the interest should be paid for ninety days in advance, and it was so paid, this was a change in the terms of the note, to which these appellants did not agree, and they are, therefore, released. Any change in the instrument without his

consent, releases a surety or accommodation endorser. For this reason also the demurrers offered by appellants should have been given. Schuster v. Weiss, 114 Mo. 166; See also cases cited below. (5) There was an alteration of the instrument without the consent of any one, either the Scales Company or the endorsers. On January 19, 1913, without consent of the Scales Company, the bank took $120 out of its account to pay interest for ninety days in advance on this note, although the interest was not payable in advance, but was payable annually, and directed to be endorsed on the face and back of the note "Int. paid to March 29, 1913." This was a willfully false statement when it was made and put on the note. It tolled the Statute of Limitations in favor of the bank, if true, to that date. It changed the amount due and payable on the note according to its terms. It was a material alteration of the note. It changed its legal effect, and avoided the note as to all parties. In this State, any tampering with a note by the holder whether material or not, even though beneficial to the makers or the endorsers, avoids the note. Carson v. Woods, 177 S. W. 622; Evans v. Foreman, 60 Mo. 450; Kelley v. Thuey, 143 Mo. 434; Harvesting Co. v. Blair, 146 Mo. App. 382; Miller v. Gilleland, 19 Pa. St. 119, cited in Bank v. Fricke, 75 Mo. 183; Johnston v. May, 76 Ind. 293; Bobb v. Taylor, 184 S. W. 1028; McMurty v. Sparks, 71 Mo. App. 126; 2 Am. & Eng. Ency. Law (2 Ed.), 262-3; Gardner v. Gibbons, 91 Mo. App. 412; Haskell v. Champion, 30 Mo. 136; Bank v. Fricke, 75 Mo. 178; Higgins v. Harvester Co., 181 Mo. 309; R. S. 1909, sec. 10095; Hardewick v. Barnes, 179 Mo. 387; Britton v. Dierkes, 46 Mo. 591. (6) There was abundant evidence to show that the mortgage was purposely withheld from record against the protests and consent of these defendants, and not recorded until May 21, 1913, nearly eight months after it was given. In the meantime, the property was depreciated and many intervening debts created, by reason of all of which the

security of the mortgage for these defendants was lost or greatly damaged. They were thereby entirely released, or at least, released to the extent of their injury, and the court erred in refusing the instructions. 1 Brandt on Suretyship (3 Ed.), secs. 480-1-2-3; White v. Smith, 174 Mo. 208; Bank v. Woods, 56 Mo. App. 219; Sullivan v. State, 59 Ark. 47; Gotzian & Co. v. Heine, 87 Minn. 429; Monroe v. DeForest, 53 N. J. Eq. 264; Long v. Mason, 200 S. W. 1064; Bank v. Kilpatrick, 204 Mo. 119; Atlanta National Bank v. Douglas, 51 Ga. 209.

*George L. Davis* for respondents.

(1) There was no such an extension of time as to release the indorsers on the note. Welch v. Kerheck, 126 Wis. 419; Meradith v. Dibroel, 155 S. W. 163; Citizens Bank v. Mooran, 38 Mo. App. 484; Russell v. Brown, 21 Mo. App. 51; American National Bank of Springfield v. Love, 61 Mo. App. 378; First National Bank v. Wells, 98 Mo. App. 573; First National Bank v. Livermore, 90 Kan. 395. (2) Appellants' failed to cite any agreement of any character with the maker that there was any extension of the note, but merely referred to the inadvertent inscription made on the note, which the teller himself testifies was made by mistake, and stand upon that, and assume to say that the jury should not determine what all other facts are with reference to the transaction. There was no alteration in the instrument by the notation made by the teller. It was merely a memoranda. With reference to such notation, the court without contradiction has stated the rule that such a notation is merely a memoranda. 2 Cyc. 241; Moore v. Macon Savings Bank, 22 Mo. App. 684. (3) The mortgage executed was void, and if recorded would not have been binding on any person whatsoever. The mortgage specifically provides "it is understood that the grantors may sell said scales as they are completed, the proceeds of said scales to the

277 Mo.—24

extent of $25 per scale to be applied to the payment of the debt executed.'' In other words, the mortgage authorized the mortgagors to sell the scales and the mortgage was void on account of said provision. Vermont Marble Company v. Ragsdale, 74 Mo. App. 42; Helm v. Helm, 52 Mo. App. 51; Sec. 2880, R. S. 1909. There is no evidence that the mortgage in this case was withheld from records purposely, save that the parties interested in the Scale Company, all of them being appellants, did not want it recorded. It would have been void and the recording of the mortgage would have availed the respondents nothing. There is not one word of evidence that interested parties wanted the bank to take possession of the scales, but if demand was made that they take possession, the bank was under no obligation to the indorsers to do so. There was no obligation on the bank of record the mortgage, even if demand was made by any or all of the appellants, as they were either directly or indirectly the owners of the property and could easily have sold the property and have applied the proceeds upon the mortgage.

WHITE, C.—This suit is on a promissory note made payable to the order of the maker, the Kansas City Computing Scales Company, and negotiated to the Gates City National Bank, which transferred it to the plaintiff. The defendants, other than the maker, are accommodation indorsers, whose names appear on the back of the note. The note, with all indorsements, is as follows:

Form No. 3                                    Plaintiff's Ex. 'A'
Bal. $8000.00
This note is secured by
$8,000.00                     Kansas City, Mo., September 30, 1912.
     Ninety days after date we promise to pay to ourselves
————————— or order Eight Thousand ————— 100-Dollars at
Gate City National Bank.   For value received, with interest

thereon at Six per cent per annum from date until paid, interest payable ————— annually.

Ext. to Mch. 29, 1913.

No. 16051

Due Dec. 29, 1912.

KANSAS CITY COMPUTING SCALES CO.,
by K. L. BROWNE, President.

For sale by Kansas City Stationery Co., 808 Delaware Street, Kansas City, Mo., both Phones 2385 Main.

(Exhibit 1 indorsed on back as follows):

Protest waived

T. M. WALKER
K. L. BROWNE
H. B. SHERWOOD
O. B. BLANKENSHIP
Z. M. WILLIAMS
M. V. WATSON
V. M. COCKRELL
R. B. HALL

Pay to the Highland Investland Company or order without recourse.

GATES CITY NATIONAL BANK,
by J. B. POLLARD, Pt.
KANSAS CITY COMPUTING SCALES CO.,
by K. L. BROWNE, Pt.

Oct. 17, 1912, Paid $120.00
Jan. 9, 1913, Int. Pd. & Time Extended to 3-29-1913
May 26, 1913, .....:................ Cr. Holley Note 5.00
Jan. 12, 1913, ..................,....... Cr. Pope Note 4.01
July 9, 1913, .................._.... Cr. Lewis note 6.50
July 16, 1913, ....................... Cr. Hoffman 6.58
v              .......................... v Holly 5.00
                                                    ———
                                                    .27.09

The Scales Company filed no answer. The defendant Williams filed a separate answer, and defendants Walker, Browne and Watson filed their joint separate answer. Other defendants were not served. After a general denial these answers alleged that the defendants indorsed their names on the back of the note as accommodation indorsers and set forth three separate and distinct defenses: First, that before the maturity of the said note the time of payment of the same was extended by agreement of the bank, holder, with the Scales Company, maker, without the knowledge or consent of

the answering defendants; second, that the bank, while holder of the note, altered the terms of the same without the consent of the defendants by writing on the back of the same: "January 9, 1913, interest paid and time extended to March 29, 1913;" third, that at the time of the execution of the note a chattel mortgage was given by the Scales Company securing to the bank the payment of the note; that the chattel mortgage covered a large number of scales and material for making scales and the answering defendants indorsed said note on the representation that said mortgage would be made, that the bank negligently failed to put said mortgage on record and neglected to foreclose the same until the Scales Company had created a large amount of indebtedness to other persons and become wholly insolvent and the security was thereby lost.

In reply to the separate answers the plaintiff denied specifically each of the allegations of the said answers except that the defendants were accommodation indorsers. There was no general denial. The issues were submitted to a jury and there was a verdict for the plaintiff for the amount of the note and all accured interest, against all the defendants, except the defendants who were not served with process; the cause was dismissed as to them. The judgment defendants, except the Scales Company, appealed.

I. On the trial of the case the plaintiffs offered in evidence the note with the exception of the entry on the face: "Ext. to Mch. 29, 1913," and the entry on the back: "Int. pd. & time extended to 3-29-1913."

**Unauthorized Extension: Pleading: Exhibit.**

Defendants objected to the offer of part of the note without the whole of it. The objection was sustained, whereupon the plaintiffs offered the entire note with all indorsements. The plaintiff then, over the objection of the defendants, introduced J. B. Pollard, who was president of the bank at the

time the note was owned by the bank, and W. S. Butler, who was discount clerk at the time.

Mr. Pollard swore that the two entries mentioned, showing time extended, on the face and on the back of the note, were in the handwriting of Mr. Butler and that Mr. Butler had no authority to make such entries except by instruction from a higher officer;. that he had instructed Butler when the note came due to charge interest for ninety days in advance on it, but furthur instructed him *not* to extend the time of payment. The amount of interest due for ninety days on the note was charged to the account of the Scales Company. At the time he had talked with Mr. Browne, the president of the Scales Company, requesting him to get the consent of the indorsers for an extention of the note; Browne promised to do so, but never did. The liability ledger of the company contained an entry corresponding to the indorsement on the note, showing the payment of interest and the extension of time to March 29; this was also made in the handwriting of Butler, and made without authority. Pollard further testified that it was the custom of the bank, in order not to have overdue paper, when the note of a solvent customer fell due, to charge up the interest and extend the time.

Butler testified, corroborating the statement of Mr. Pollard, that he was instructed to charge up interest on the 9th of January for the eleven days' interest due, but "overlooked the fact of which note it was and I made the calculation for 90 days" and charged it up and made the entries mentioned. He made entries, both on the note and the liability ledger, contrary to instructions. His tesimony, and that of Mr. Pollard, shows that the liability ledger was often before the discount committee and the officers of the bank; that the entries on the note and the liability ledger could easily have been noticed at any time by those in charge of the bank's matters. Butler's attention was called to the mistake by the officers of the bank some time before the 29th of March; he could not remember how

long, it might have been a few days or two months after the notations were made, but nothing was ever done by any of the officers of the bank to correct the alleged mistake in making the entries.

The defendants objected to this testimony on the ground that such facts were not within the scope of the pleading. The petition declared on the note as it stood, entries and all. These entries, in addition to mere payment of interest in advance, showed an *agreement* to extend the time of payment; such payment of interest would not of itself be evidence of such agreement. [Merchants Ins. Co. of St. Joseph v. Hauck, 83 Mo. 21; Nelson v. Brown, 140 Mo. 580; Elliott v. Qualls, 149 Mo. App. 482, l. c. 488; St. Joseph Fire & Marine Ins. Co. v. Hauck, 71 Mo. 465.] The evidence introduced tended to prove the absence of the agreement in contradiction of the entries. There is no allegation in the petition that such entries were made by mistake or contrary to instructions.

The plaintiff claims that the note, being attached to the petition merely as an exhibit, is no part of the petition and therefore the plaintiff is not bound by the terms of the note except as alleged in the petition and may show those entries were made by mistake.

It has always been held that an instrument filed with a pleading as an exhibit is not to be considered in determining the sufficiency of the pleading. [State ex rel. v. McQuillin, 256 Mo. 693, l. c. 708; Hanks v. Hanks, 218 Mo. l. c. 679; Keator v. Realty Co., 231 Mo. 676, l. c. 680.] And that is true even though the petition allege expressly, as it does in this case, that the exhibit is made a part thereof. But it will be noticed that in all such cases the exhibit is to be ignored only in determining the sufficiency of the pleading as such. "An exhibit attached to the petition is not so far a part of the petition itself as to save the petition from being bad on demurrer." [State ex rel. v. McQuillin, 256 Mo. 708.]

In some jurisdictions where the question has arisen it is held that while an exhibit attached to a pleading does not tender an issue so as to involve an assertion of the truth of the statements recited in the exhibit, it does constitute an allegation of the existence of the instrument at the time and place and for the purpose alleged. The exhibit may be considered not as a substantive allegation of fact, but in aid and explanation of the fact formally lodged in the body of the pleading. It may not supply allegations to set out a cause of action, but may aid the petition and make certain what would otherwise be uncertain. [Caldwell v. Village of Mt. Home, 156 Pac. (Idaho) 909, l. c. 912; Realty Co. v. Farm, etc. Pub. Co., 79 Minn. 465; Tube City Mining & Milling Co. v. Otterson, 146 Pac. (Ariz.) 203, l. c. 207; Hayt v. Bentel, 130 Pac. 432, l. c. 434; Pt. Huron Engine & Thrasher Co. v. McGregor, 131 S. W. (Tex.) 398.]

Our statute, Section 1844, Revised Statutes 1909, requires, when a petition is founded upon an instrument in writing charged to have been executed by the other party, that such writing shall be filed with said petition; and Section 1985, Revised Statutes 1909, provides the execution of such instrument shall be adjudged confessed unless its execution is denied by an answer verified by affidavit While these sections do not make an exhibit filed with the pleading a part of the pleading so as to dispense with allegations necessary to state a cause of action, nevertheless, when a suit is "founded upon" a written instrument and the petition bases the right to recover upon the instrument *as filed*, then the plaintiff is bound by the terms of the instrument when it comes to the introduction of evidence. Having thus stated his cause of action and having alleged the instrument as containing the obligation upon which he seeks to recover, he cannot then be heard to change the force and effect of that instrument. In the absence of pleading to that effect he cannot be permitted to show it is not what it purports to be, or that it contains

matter which is not in the contract upon which the suit is brought. If no such extension was made and the entry which showed it was a mistake, then it was necessary for the plaintiff to plead that fact in order to admit evidence of it.

II.   Appellants contend that there was an alteration of the instrument which would release them from liability.   After eliminating that part of the indorsements showing extension of time which, it is **Alteration: Payment of Interest.** claimed, were made without authority, there remained an indorsement as follows: "Jan. 9, 1913 Int. pd. to 3/29, 1913." Plaintiff does not claim that part was by mistake.   On the same day $120 was charged to the Scales Company and taken out of its account for the payment of interest for ninety days ending March 29th.

It is true that any alteration of a written contract by one party to it will release the other party and an alteration by the principals, without the consent of the surety, or indorser, will release the surety or indorser.   According to the rule which formerly prevailed in this State it did not matter whether the alteration was material or immaterial.   [Haskell v. Champion, 30 Mo. 136; Harvesting Co. v. Blair, 146 Mo. App. l. c. 382;   Evans v. Foreman, 60 Mo. 449;   First National Bank v. Fricke, 75 Mo. 178;   Schuster v. Weiss, 114 Mo. 158, l. c. 164;   Higgins v. Harvester Co., 181 Mo. 300, l. c. 309.]   But that rule has been modified by the Negotiable Instrument Act, Section 10095, Revised Statutes 1909, which applies the rule to a material alteration and sets out what alterations shall be considered material.

A disinction is drawn between an alteration which affects or attempts to affect the terms of the contract and a mere memorandum or a collateral agreement which does not in any way change the force and effect of the instrument.   [American National Bank v. Bangs, 42 Mo. 450;   Moore v. Macon Savings Bank,

22 Mo. App. 684;   Merc. Co. v. Tate, 156 Mo. App. 236.]

It is claimed by appellants that the payment of interest in advance, when the note called for interest to be paid annually, is not according to the terms of the contract and therefore is an alteration. Of course, if there was an *agreement* in consideration of such payment to extend the time of payment of the note, then the indorsers would be released, but that is another proposition considered elsewhere. This transaction, as we are now considering it, was merely the payment of interest before it was due without any agreement whatever that it should operate as an extension of time or in any way affect the terms of the contract.

While the decisions in this State go to the extreme in holding that the alteration of an instrument releases the party not consenting to it, yet such alteration must purport to effect some change in the meaning or legal operation of the instrument as a contractual obligation —not a change caused by part performance. An examination of cases where the rule is applied will show the alteration in each case was of that character. None of them will show that mere *performance* of the contract, out of time, and that performance indorsed on the instrument, would be an alteration.

It was held by this court, in the Evans case, supra, that the addition of the words ''after due ten per cent'' on the note was such an alteration as to release the sureties. In the Blair case, changing the terms requiring payment of interest from maturity so that the interest should be paid from date, was such material alterations as to release the makers. In the case of Miller v. Gilleland, 19 Pa. St. 119, cited by appellants, it was held that an alteration in the date of the note, by agreement of the maker and the payee, released the surety; the reason presented was that the change extended the time when the statute of limitations should begin to run and therefore was a material alteration.

The memorandum in this case simply notes what has been done in carrying out the contract and does not attempt to change the effect of what should be done. The payment of interest is what the parties to the note undertook. There is no more reason to hold that a premature payment of interest would release an indorser than a belated payment.

If the payee should change the amount of the note the alteration would release the obligors, and a like result would follow if he should indorse a fictitious credit upon it and thereby reduce the amount to be paid. [Johnston v. May, 76 Ind. 293; Washington Finance Corp. v. Glass, 134 Pac. 480, 46 L. R. A. (N. S.) 1043.] A reduction of the amount due by actual payment indorsed on the instrument would likewise be a change in the *operation* of the instrument, but would not release the sureties or indorsers. In the one case the change is in the terms of the undertaking and in the other it is incidental to actual part performance.

Appellant argues that the indorsement tolled the Statute of Limitations and therefore affects the operation of the contract as to these defendants. The payment of the interest by the principal in a promissory note tolls the Statute of Limitations as to the surety, or joint maker, or any whose undertaking is original with the principal, but does not interrupt the running of the statute as to those whose undertaking is collateral, such as an indorser. [Maddox v. Duncan, 143 Mo. 613; Clinton Co. v. Smith, 238 Mo. 118, l. c. 129; Regan v. Williams, 185 Mo. 620, l. c. 629.] The defendants in this case were accommodation parties as the pleadings admit (Sec. 10000, R. S. 1909) and were liable as indorsers only (Sec. 10033; Walker v. Dunham, 135 Mo. App. 396). Even if the payment did toll the statute as to these defendants there is no precedent for holding such result would release them. Many cases have arisen where a payment by the principal was held to toll the statute as to his surety, but in

no case brought to our attention was it held that the surety was thereby released before the statute had run. A payment of interest after it was due would have had the same effect, so far as the Statute of Limitations is concerned.

III.   On their third defense a chattel mortgage was introduced, dated the same day as the note, but acknowledged about two weeks later, whereby the Scales

**Mortgage.** Company, to secure the note, conveyed 700 Kansas City Automatic Computing scales then in process of building, including the material for the completion of the same.   Evidence was introduced to show that the property covered by the mortgage was of much more value than the amount of the note. The mortgage was not recorded until in May, 1913, and that was after the Scales Company had sold out all its property without applying any of the proceeds to the payment of the note in suit.   The plaintiff offered evidence tending to show that the mortgage was kept off record by request of the defendants.   This was denied by the defendants, who in turn offered evidence tending to show that some of them, at least, urged the bank to foreclose the mortgage.   There was a provision in the mortgage  that the grantor might sell the scales as they were completed and out of the proceeds of such sales pay $25 per scale on the mortgage.   Respondent calls attention to that provision and claims that it rendered the mortgage fraudulent and void under the statute.   As to whether such provision would render the mortgage void as against creditors we need not consider; it did not affect its validity as between the parties.   It is not claimed that the mortgage was attacked by creditors and thereby rendered inoperative. On the contrary, the evidence tended to show the security was lost because the mortgagee negligently failed to enforce its claim.

Several instructions were offered by the defendants covering that feature of the case to the effect that if the

defendants signed the note with the understanding that the mortgage was executed at the time upon property sufficient to secure a debt and it was understood between the bank and defendant indorsers that the property covered by chattel mortgage should be applied in the discharge of the debt on or before its maturity, and if the bank failed or neglected to record the mortgage and failed to apply the proceeds of the sale of the property to the payment of the note and permitted the Scales Company to dispose of the same from time to time without requiring that application of such proceeds, and if the property which the bank permitted the Scales Company to dispose of in that manner would have yielded enough to satisfy the debt, then the plaintiff is not entitled to recover against any of the defendants who did not consent to such sale and disposition of the property. These instructions were refused. The ruling in that respect was error.

If any of the defendants consented to keeping the mortgage off the record, or assisted in disposing of the property contrary to the terms of the mortgage, that defense would not be available to them.

The judgment is reversed and the cause remanded. *Roy, C.,* absent.

PER CURIAM.—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.