TOBY A. LOCATELLI, RESPONDENT, v. E. R. FLESHER, T. M. BUGG, AND
D. C. HEFLEBOWER, CO-PARTNERS DOING BUSINESS OF TRUSTEES
OF THE KANSAS CITY DEHYDRATING COMPANY, AND FRANK LAND
AND E. L. MILLER, DEFENDANTS, D. C. HEFLEBOWER, APPELLANT.

Kansas City Court of Appeals. May 25, 1925.

1.—Bills and Notes—Partnership—Failure of Partner to Deny Under Oath
Existence of Alleged Partnership and Execution of Note Held Confession
of Existence of Partnership and Execution of note. In a suit against part-
ners upon a promissory note of partnership signed by one partner for firm,
failure of partner, not signing note, to file affidavit as required by section
1415, Revised Statutes 1919, denying existence of partnership, and under
oath to deny execution of note, held that existence of partnership and execu-
tion of note stood confessed.

2.—Partnership—In Suit on Partnership Note, Prima-facie Case Made by
Introduction of Note Throwing Burden on Co-partner, Who Did Not Sign
Same, to Show That Authority Was Exceeded in Signing Note. Where
partnership note was signed in name of partnship by president, but not by
defendant co-partner, held prima-facie case was made out by introduction
of note in evidence, throwing burden on co-defendant to show that president.
exceeded authority in signing note.

3.—Same—Liability of Partnership on Contract Made by One of Its Mem-
bers is Based on Theory of Agency. Rule that partnership is held to con-
tract made by one of its members is based on theory of agency.

4.—Same—Partner Signing Partnership Note as Officer or Agent Thereof
Acts in His Cacpacity as Partner. Where partner signs partnership note
as officer are agent thereof, he acts in his capacity as a partner.

5.—Same—Co-defendant Asserting Lack of Authority of Partner to Sign
Note as Agent, Held to Have Burden of Proving Same. Where co-defendant
asserted lack of authority of partner to sign partnership note as agent
thereof, the burden was upon him to establish same.

*Corpus Juris-Cyc. References: Bills and Notes, 8CJ, p. 943, n. 29; p.
946, n. 69, 72. Contracts, 13CJ, p. 736, n. 65. Partnership, 30Cyc, p. 477,
n. 47; p. 504, n. 77; p. 509, n. 93; p. 588, n. 98. Pleading, 31Cyc, p. 529, n.
22.

Appeal from Circuit Court of Jackson County.—Hon. O. A. Lucas,
Judge.

AFFIRMED.

*James M. Houston* for appellant.

*George D. McIlrath* for respondent.

BLAND, J.—This is a suit upon a promissory note. At the conclusion of plaintiff's evidence defendant Heflebower offered a peremptory instruction which the court refused. Said defendant stood upon his demurrer, resulting in the court's directing a verdict in favor of plaintiff and said defendant has appealed.

The petition alleges that on the 28th day of November, 1921, the defendants, E. R. Flesher, T. M. Bugg and E. C. Heflebower were engaged in a commercial and trading business in Kansas City, Missouri, as a co-partnership under the name of The Kansas City Dehydrating Company, and on said day while doing business as aforesaid and in connection with said business—

". . . said defendants, in connection and conjunction with the defendants, Frank Lane and T. M. Bugg, as individuals, made, executed and delivered to this plaintiff their certain promissory note in writing wherein and whereby said defendant promised and agreed to pay to the order of plaintiff on or before four months after date thereof the sum of eight hundred and fifty ($850) dollars together with interest thereon at the rate of eight (8%) per cent per annum from date until paid, a certified copy of which note is thereto attached, marked Exhibit A," and prayed judgment on the note against Flesher, Heflebower, Bugg and Lane. The answer of the defendant Heflebower was a general denial which was not verified.

Plaintiff introduced the note in evidence and rested, there upon defendant Heflebower offered his demurrer to the evidence. The note sued on is as follows:

"$850.00     Kansas City, Mo., Nov. 28th, 1921.

Four months after date we promise to pay to the order of Toby A. Locatelli Eight Hundred and Fifty Dollars, at Pioneer Trust Co.
100

Value received with interest at 8 per cent per annum from date until paid.

FRANK LANE
T. M. BUGG,
THE KANSAS CITY DEHYDRATING CO.,
E. R. FLESHER, PRES.

It is contended that the court erred in overruling Heflebower's demurrer to the evidence and in instructing the jury to find a verdict against said defendant and permitting the introduction of the note in evidence over the objection of said defendant. It is insisted that—

". . . failure to deny execution of the instrument sued on under oath, was an admission only of the execution of the said instrument as set out in the petition, but since said note as set out in the petition shows on its face that it was not signed by appellant, the admission of the execution thereof, or the note itself, is no evidence of liabiliy of appellant thereon in the absence of any proof or of any attempt

to prove authority of any of the signors thereof to bind appellant."

Section 1415, Revised Statutes 1919, provides in part as follows: "When any petition or other pleading shall be founded upon any instrument in writing, charged to have been executed by the other party and not alleged therein to be lost or destroyed, the execution of such instrument shall be adjudged confessed, unless the party charged to have executed the same deny the execution thereof, by answer or replication, verified by affidavit. And where plaintiff or defendant sued or is sued as a corporation, and where plaintiffs or defendants sue or are sued as a partnership, and the names of the several partners are set forth in the petition or answer, it shall not be necessary to prove the fact of such incorporation or partnership, unless the opposite party put such fact in issue by affidavit filed with the pleadings in the cause."

The note on its face does not appear to be signed by defendant Heflebower.

It was stated in No. St. Louis B. & L. Assn. v. Obert, 169 Mo. 507 517; "At common law a bond sued on could not be read in evidence until proof was made that it was signed, sealed and delivered by the alleged obligor. Our statute was designed to obviate the necessity of that proof unless the execution was denied under oath. But we have never yet decided that when the plaintiff himself produced in evidence the instrument sued on and it shows on its face that it has not been signed, that the statute requires us to say that it has been signed or that the fact of its execution is immaterial. Proof of the execution may be waived, but the fact of execution is still essential."

The court in that case goes on to say that the case was tried on the theory that the execution of the instrument was in fact in issue and it was not necessary to pass upon the proposition shown in that part of the opinion that we have quoted. It would seem, therefore, that what the court said supra in that case was admittedly *obiter*. It would also seem that the statement was incorrect for the reason that it would appear that the court had in mind that the original statute upon the subject in this State was in existence. [See art. 4, chap. 136, sec. 23, R. S. 1845.] The law as it then stood, provided that the instrument might be merely introduced in evidence without proof of its execution if not denied under oath while the statute was amended in 1868 (See Laws of 1868, p. 86) and as it now reads, provided that in such case the execution of the instrument "shall be confessed." [Sec. 1415, R. S. 1919.] Therefore when the court in the Obert case said that "proof of execution may be waived but the fact of execution is still essential," it apparently was mistaken.

It is held that the execution which stands confessed is the instrument described in the petition and that, consequently, it is not neces-

sary to introduce the instrument in evidence. [Johnson v. Woodmen of the World, 119 Mo. App. 98, 102; Hart v. Harrison Wire Co., 91 Mo. 414, 422; 13 C. J. p. 736.] But there is authority holding that if the instrument is introduced in evidence and it is not the instrument described in the petition, then it is not confessed. [See The Peoria Marine & Fire Ins. Co. v. Walser, 22 Ind. 73; Frankland v. Johnson, 147 Ill. 520; Fulshear v. Randon, 70 Am. Dec. (Texas), 281.]

However, it is not necessary for us to pass upon this point but assuming that in a case where the note upon its face does not appear to have been executed by the defendant, a denial under oath of its execution is not necessary in order for defendant to controvert that fact, that is not the situation in the case at bar. The petition alleges that Heflebower, together with certain of the other defendants, formed a co-partnership operating under the name of The Kansas City Dehydrating Company and the note purports to be signed by The Kansas City Dehydrating Company by its president E. R. Flesher. The second clause of section 1415, Revised Statutes 1919, provides that where defendants are sued as a co-partnership and the names of the several partners are set forth in the petition, if the defendant desires to raise any issue as to the existence of such partnership, he must file an affidavit with the pleadings in the case. Under this clause of the statute it has been held that the only method of tendering the issue of partnership or no partnership is by the filing of the affidavit. [Haysler v. Dawson, 28 Mo. App. 531.]

The situation then is this: Plaintiff alleged that The Kansas City Dehydrating Company was a partnership composed of defendant Heflebower and others and alleged that the note was executed by said partners doing business as The Kansas City Dehydrating Company and the note attached to the petition and introduced in evidence appears on its face to have been executed by The Kansas City Dehydrating Company. Defendant Heflebower failed to deny the existence of the partnership or the execution of the note under oath. It would appear therefore that the partnership, with plaintiff a member thereof, and the execution of the note by the partnership, stood confessed. It would therefore appear unnecessary to prove the authority of Flesher to bind the partnership. But if so, a prima-facie case was made out by the introduction of the note in evidence throwing the burden on defendants to show that Flesher exceeded his authority, which burden was not met.

It is held that—"When a member of a trading partnership indorsed the firm name on commercial paper, prima-facie the indorsement is made with authority and for the benefit of the partnership, and the burden is on the party asailing the validity of the act to prove that it was beyond the scope of the partner's authority."

[Hayes v. Blaker & Co., 138 Mo. App. 24, 29, 30.] Said defendant, Heflebower does not seem to question this statement of the law but says—"Where the partnership name purports, as here, to have been signed by an officer, or agent, of the partnership, and not by one of the partners as such, proof of the authority of such officer, or agent, to execute such note in behalf of the partnership is not admitted by plaintiff's not having filed a verified denial of the execution of such note, and since no attempt was made by plaintiff to prove such authority, he failed to make out a case against this appellant. [See Pope v. Risley, 23 Mo. 1. c. 186, 187; Hart v. Harrison, Wire Co., 91 Mo. 1. c. 421, 422; and Wahrendorff v. Whittaker, 1. Mo. 1. c. 208.]"

It seems to us that said defendant is attempting to make a distinction without a difference, for the reason that the rule that the partnership is held to the contract made by one of its members is based on the theory of agency. Where an "officer" or agent of a partnership is in fact a partner, as appears in the case at bar in respect to E. R. Flesher, who signed the note as president of The Kansas City Dehydrating Company, he is acting in his capacity as a partner. It is impossible to contemplate that a partner in performing an act of a partnership is merely an agent such as a stranger acting as an agent of a partnership would be. We do not know how to distinguish in the relationship created between a partner acting under his agency as a partner and acting for the partnership as some other kind of an agent while at the same time being a partner. But if there is such a distinction, the partner in either case would be acting as an agent and in cases of this kind the burden would be on defendant to prove lack of authority. The cases of Pope v. Risley, and Wahrendorff v. Whittaker, cited by the defendants, were cases decided when the old statute (Sec. 23, R. S. 1845, supra) was in effect and before the second clause of section 1415, Revised Statutes 1919, was enacted in 1883. [See Laws of 1883, p. 121.] In addition, in the Whittaker case the partner was not acting as such but under a power of attorney, and there is nothing to show in the Risley case that the agent was a partner. The case of Hart v. Harrison Wire Co., is not in point on this question.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.