CLARENCE WOOD, RESPONDENT, v. GENERAL INSURANCE COMPANY OF AMERICA, APPELLANT.—77 S. W. (2d) 167.

Kansas City Court of Appeals.  December 3, 1934.

*Dan Z. Gibson* and *E. E. Teel* for respondent.

*Hallett & Hallett* for appellant.

BLAND, J.—This is a suit upon a fire insurance policy. There was a verdict and judgment in favor of plaintiff, totalling the sum of $450.75, which included interest in the sum of $15.75, damages for vexatious refusal to pay in the amount of $35 and attorneys fees in the sum of $50. Defendant has appealed.

The facts show that the policy was issued by the defendant on March 14, 1932, insuring plaintiff's furniture, then located at 1308 North Cedar Street in the city of Nevada. The policy was in the sum of $600 and expired on March 14, 1933. A fire occurred on March 7, 1933, while the property was located at 716 East Vernon Street in the city of Nevada. Plaintiff sued for the full amount of the policy, together with penalty and attorneys fees provided by the statute.

The petition alleges that the policy is "marked exhibit A and herewith filed." The answer consists of a general denial and a plea that the property was destroyed or damaged by the wilful and intentional starting of the fire by the plaintiff or his agents. The answer is unverified. The reply consists of a general denial.

It is insisted by the defendant that its instruction in the nature of a demurrer to the evidence should have been sustained for the reason, among others, that the undisputed testimony shows that the goods at the time of the fire had been removed from the place where they were insured. This contention must be sustained. [Giboney v. The German Ins. Co., 48 Mo. App. 185, 192; Wright & Sons v. Fire Ins. Co., 73 Mo. App. 365; Hilburn v. Ins. Co., 129 Mo. App. 670; Young v. Queen Ins. Co. of Am., 201 S. W. 940; Thomason v. Ins. Co., 114 Mo. App. 109, 118; Thomasson v. Ins. Co., 217 Mo. 485; 26 C. J., p. 508.]

However, it is plaintiff's contention that the policy contained a removal permit and he has brought here, by an additional abstract of the record, the policy, itself, which purports to contain such permit, issued by the defendant, consenting to the removal of the property insured to the place where it was burned. Defendant insists that the removal permit so brought here by the plaintiff was improperly attached to the petition by him, as it was not attached to the policy when the latter was filed as an exhibit with the petition and that it was not introduced in evidence.

We find that neither the alleged removal permit nor the policy, itself, was introduced in evidence and whether the permit was a part of the policy which was attached to the petition as an exhibit is immaterial for the following reasons:

While, under the provisions of Section 965, Revised Statutes 1929, the execution of the policy sued on stood confessed, as the answer was not verified, and it was unnecessary to introduce the policy in evidence (Thomas v. Life Ass'n, 73 Mo. App. 371; Love v. Central Life Ins. Co., 92 Mo. App. 192), it was only such an instrument as was pleaded in the petition that stood confessed. [Locatello v. Flesher et al., 220 Mo. App. 447, 449, 450; Johnson v. Woodmen of the World, 119 Mo. App. 98, 102.] An exhibit attached to the petition is no part of the record proper. [Scott v. Union Liability Co., 194 S. W. 900; Highland Inv. Co. v. Scales Co., 277 Mo. 365, 374, 375; Ransom v. Potomac Ins. Co., 45 S. W. (2d) 95, 97.] Therefore, we are not able to look at the policy brought here by the plaintiff because it is not a part of either the record proper or the bill of exceptions. It is not a part of the latter because it was not introduced in evidence and was never made a part of such bill. [Scott v. Union Liability Co., supra; Ransom v. Ins. Co., supra.]

The petition, itself, is very inartistically drawn and is attacked herein by the defendant as not stating any cause of action, for the

reason that it does not allege that the goods destroyed remained in the place where they were insured until the time of the fire. There is no express allegation to that effect but at this stage of the proceedings the petition undoubtedly alleges enough to withstand attack from that standpoint, had the goods so remained there. [See Young v. Queen Ins. Co., supra.]

However, the petition does not refer in any manner, by inference or otherwise, to a removal permit. It is, therefore, apparent that the failure of defendant to verify its answer did not amount to a confession of the execution of such a permit. It follows that the removal permit cannot be considered by us. [Scott v. Union Liability Co., supra; Ransom v. Ins. Co., supra.] As it is admitted that the property was removed from the place where it was insured and was destroyed at another location and there being no consent shown by the defendant, either express or by waiver, to such removal, the demurrer to the evidence should have been sustained.

The court not only refused to give defendant's instruction in the nature of a demurrer to the evidence but also refused defendant's instruction No. 5, seeking to tell the jury that if the property was removed from the place where it was insured to the place where it was burned, the verdict should be for the defendant.

It is insisted by the defendant that its demurrer should have been sustained for the reason that there was no proof on the part of the plaintiff of the value of the property destroyed. However, defendant's own testimony showed the value of the property to be $25. Therefore, it would have been improper for the court to have directed a verdict for the defendant on the ground now urged.

At the next trial it will be improper for the plaintiff to show his good character, as a defense that plaintiff, himself, or through his agent destroyed the property by fire, does not raise the issue as to his good character. [Dudley v. McCluer, 65 Mo. 241; 10 R. C. L. 950.]

It seems to be admitted that the policy contains a provision that the loss should not become payable until sixty days after the receipt of the proof of loss. If it does, interest does not begin to run until the expiration of said sixty days. [Zimmerman v. So. Surety Co., 241 S. W. 95.]

The fact that the jury returned a verdict for less than the amount sued for is not conclusive on the question as to defendant not being liable for the statutory penalty and attorneys fees, as the matter in dispute between the parties was not only the amount of the loss but whether the property was destroyed by a fire caused by plaintiff or his agent. [Glover v. Ins. Co. 193 Mo. 489, 493.]

Other points raised may not occur at the next trial.

The judgment is reversed and the cause remanded. All concur.