Anthony GLOWCZWSKI (Plaintiff) Respondent,

v.

William Edgar FOSTER (Defendant) Appellant.

No. 31009.

St. Louis Court of Appeals.

Missouri.

June 12, 1962.

Motion for Rehearing or to Transfer Denied Sept. 11, 1962.

Adolph K. Schwartz, St. Louis, Chapman, Schwartz & Chapman, St. Louis, of counsel, for appellant.

Padberg & Raack and Godfrey Padberg, St. Louis, for respondent.

SAMUEL E. SEMPLE, Special Judge.

This is a damage suit arising out of an automobile collision on Kingshighway a short distance south of Barnes Hospital in St. Louis, Missouri. Plaintiff obtained a

verdict for $7,500, and from the judgment rendered thereon defendant has perfected an appeal to this court.

Kingshighway, at and near the point of the accident, is an eight lane avenue running generally north and south with a raised concrete divider separating the north from the southbound traffic. On November 18, 1959, at approximately 10:30 A.M., plaintiff was proceeding north on Kingshighway traveling in the lane next to the concrete divider in the center of the street following a car driven by an elderly lady. As the two vehicles approached the first crossover of the concrete divider south of Euclid Avenue, the elderly lady signaled a left turn and came to a stop at the crossover with plaintiff bringing his automobile to a stop behind her vehicle. After she had waited fifteen or not more than twenty seconds for the southbound traffic to clear, she started to make a left-hand or U-turn at the crossover. At this time, before plaintiff started to move ahead, his vehicle was struck from the rear and knocked forward about one car length by an automobile driven by defendant. The first vehicle driven by the elderly lady had moved out of the way through the crossover and was not struck by plaintiff's vehicle when it was knocked forward by the impact. Plaintiff stated that he did not see defendant's car prior to, or at the time of the collision.

The only evidence offered in the case as to what the defendant did prior to the accident is the testimony of defendant himself. Defendant testified that he turned on to Kingshighway from Chouteau about two blocks south of the scene of the accident and pulled into the same lane of traffic traveled by plaintiff next to the center divider. Plaintiff put in evidence as an admission against interest a portion of a deposition made by defendant wherein defendant stated that he first saw plaintiff's car when it was a block away, and at that time plaintiff's vehicle was stopped and the car ahead of the plaintiff was making a left-hand turn. Defendant in testifying in his own behalf at the trial stated that he first saw plaintiff's car a block and a half away following another vehicle and plaintiff was slowing for a stop; that there were no cars in the same lane between defendant and plaintiff and that he did not see plaintiff's vehicle actually stopped until he was only about fifty feet away. Defendant further testified on direct examination that he was traveling about twenty to twenty-five miles per hour when he saw plaintiff's car was stopped; that he started slowing down and braking and the car slid on the street which had been freshly watered with a water truck and that he bumped into the back end of plaintiff's car at a speed of about ten miles per hour. Defendant further testified on direct examination that he did not notice the water on the pavement until after the accident but on cross-examination stated that he noticed the pavement was wet prior to the collision. Defendant further testified on cross-examination that he did not put his foot on the brake until he got within fifty feet of plaintiff and ran straight into the back end of plaintiff's vehicle.

Defendant assigns as error the action of the trial court in overruling his motion for directed verdict for the reason that plaintiff did not make a submissible case under his petition and main instruction, which were on the theory that the defendant drove and allowed or permitted his automobile to collide with the rear of plaintiff's vehicle. Defendant contends that all of the evidence showed that the accident was actually caused by defendant skidding into plaintiff. Defendant argues that plaintiff produced no evidence of any pleaded negligence and did not instruct on any theory of pleaded negligence and then concludes that the accident was caused by skidding and that mere skidding does not make a submissible case if there is nothing more, citing Evans v. Colombo, Mo., 319 S.W.2d 549, and cases therein cited.

We believe that plaintiff did make a submissible case under what is sometimes called the "rear end collision" doctrine

which recognizes that if one person has his vehicle in a portion of the highway where he should have it, or is entitled to have it in view of the course in which he is proceeding, and some other person traveling behind him in the same direction overtakes him and permits his vehicle to run into the rear of the one ahead, the proof of a collision under such circumstances makes out a prima facie case of specific negligence against such other person in charge of the overtaking vehicle. Jones v. Central States Oil Co., 350 Mo. 91, 164 S.W.2d 914; McVey v. St. Louis Public Service Co., Mo. Sup., 336 S.W.2d 524, 527; Boresow v. Manzella, Mo., 330 S.W.2d 827; Doggendorf v. St. Louis Public Service Co., Mo. App., 333 S.W.2d 302, 305; Hughes v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 360.

■ In this case, plaintiff's evidence showed that his vehicle was in a position on the street where he was entitled to have it, i. e., stopped behind a vehicle in the northbound lane which had halted to permit traffic in southbound lane of street to clear before making a left turn; that plaintiff was stopped in such position for a period of fifteen or at a maximum of twenty seconds and then was struck in the rear by an automobile operated by defendant traveling in same northbound lane of traffic occupied by plaintiff. Plaintiff in presenting his case offered no evidence that defendant skidded into his vehicle. The only evidence of skidding was defendant's own testimony that his car slid on the wet pavement. This was not a part of plaintiff's case but was apparently offered as a defense to plaintiff's case. Evans v. Colombo, supra, and other cases cited by defendant are not in point as they involved situations where plaintiff as well as defendant presented evidence of skidding by defendant or the fact of skidding by defendant was admitted by plaintiff.

■ Defendant also contends that plaintiff did not make a submissible case because there was no evidence that plaintiff's head was thrown backward and then forward and thus there was no proximate cause between the casualty itself and any resulting "whiplash injury." Such contention is without merit. Plaintiff in describing what happened to him when his stopped car was struck from the rear testified as follows: "Well, that was something I had never experienced before and it's kind of hard for me to explain it other than the fact that it felt like I was being thrown one way and then another all of a sudden like and actually, when it happened, I didn't know exactly what had hit me or what had happened." Plaintiff's car was forcibly struck from the rear and knocked forward at least one car length and a cigarette in plaintiff's mouth at time of collision was found in the back seat of the car. The plaintiff apparently was facing forward in the direction his car was headed, as he described in detail the movements of the vehicle in front of him. Plaintiff also testified that his neck started paining him that evening, that his neck was stiff and hurt, that the next day (Thursday) he called Dr. Walker and made an appointment and was examined by Dr. Walker on Saturday. That the pain in his neck did not go away but remains with him constantly. We conclude that the plaintiff's evidence was sufficient to establish the causal connection between the casualty and the plaintiff's injuries described in evidence.

■ Defendant next assigns as error the giving of Instruction No. 1 which was plaintiff's main verdict directing instruction. Defendant contends that this instruction ignores the admitted factual element of skidding. This contention is not well taken. A careful examination of the record does not disclose any evidence, either direct or circumstantial, offered by plaintiff that defendant's car slid or skidded into plaintiff's vehicle, nor is there anything in the record showing that plaintiff in any way admitted as a fact that defendant's automobile slid or skidded. Defendant again cites the case of Evans v. Colombo, supra, but that case is entirely different on the facts because, as

previously stated, skidding was an established fact demonstrated by the evidence of both plaintiff and defendant.

Defendant also contends that plaintiff's Instruction No. 1 fails to hypothesize the fact of skidding and the language of the instruction requiring a finding that defendant "drove his automobile" and "allowed and permitted his automobile to overtake and collide with plaintiff's automobile" assumes that defendant drove his automobile and ignored the possibility of an accidental or non-negligent skidding as the proximate cause of the casualty. This contention apparently is made on the theory that defendant's evidence of sliding or skidding is a necessary element which must be hypothesized in the instruction. In support of this contention defendant cites Evans v. Colombo, supra; Karch v. Stewart, Mo., 315 S.W.2d 131; and Girratono v. Kansas City Public Service Co., 363 Mo. 359, 251 S.W.2d 59. These three cases all held that plaintiff's verdict directing instructions were prejudicially erroneous because they did not hypothesize the factual element of skidding. These were cases, however, in which the real issues involved either negligence in causing the skidding or negligence in the operation of a skidding vehicle. The skidding of defendant's vehicle in those cases was established as a fact by the evidence of both plaintiff and defendant and was the sole factual basis for the fundamental determination of negligence or no negligence. The other cases cited by defendant are not analogous in any way to the situation presented here.

■ The fundamental issue in the instant case was negligence or no negligence on the part of the defendant in overtaking and colliding with the rear of plaintiff's vehicle. We believe that this issue was properly submitted in Instruction No. 1. Jones v. Central States Oil Co., supra; McVey v. St. Louis Public Service Co., supra. The evidence of skidding was only evidence offered by defendant, from which defendant claims the jury could have found

he was not negligent. A plaintiff's verdict directing instruction properly hypothesizing his affirmative facts and theory of recovery is not erroneous in omitting reference to or ignoring the defendant's evidence which merely tends to disprove the plaintiff's affirmative allegations and evidence. Merrick v. Bridgeways, 362 Mo. 476, 241 S.W.2d 1015, 1021; Gately v. St. Louis-S. F. Ry. Co., 332 Mo. 1, 56 S.W.2d 54, 63. Defendant did not plead skidding as a defense and did not offer an instruction submitting any theory of defense based on his evidence that his car slid or skidded. The evidence of skidding was offered under the general denial in defendant's Answer. Assuming that such evidence of skidding was a defense, it would be in the nature of a sole cause situation which is not an affirmative defense. McVey v. St. Louis Public Service Co., supra. In this type of situation, plaintiff is not required to hypothesize for recovery any facts which go beyond plaintiff's own theory of recovery. Shepard v. Harris, Mo., 329 S.W.2d 1, 6; Easterly v. American Institute of Steel Construction, 349 Mo. 604, 162 S.W.2d 825, 827; Bebout v. Kurn, 348 Mo. 501, 154 S.W.2d 120, 127. We, therefore, conclude that Instruction No. 1 was not prejudicially erroneous.

Defendant next assigns as error, the admission in evidence of the deposition of Dr. A. W. Wentz, (1) because his hypothetical opinion therein was based on hearsay, and (2) because he is a chiropractor and not qualified to give an expert medical opinion. We do not believe defendant's contentions can be sustained. At the trial the defendant made only two significant objections to Dr. Wentz's testimony read from his deposition. The first objection made at the time plaintiff offered the deposition in evidence, was on the basis that the witness was available under a subpoena and because he did not qualify under any of the provisions of Section 492.400 V.A.M.S. The second objection was to a hypothetical question asked Dr. Wentz involving the causal relationship between the collision

and the condition in which he found plaintiff. Defendant objected to the question on the grounds that it was a hypothetical question and assumed facts not in evidence and omitted facts which he anticipated would be in evidence. The only pertinent specifications or error in the motion for new trial were (1) "the court erred in permitting the introduction of irrelevant, immaterial and prejudicial evidence," and (2) "the court erred in permitting the plaintiff to read into evidence, on his own behalf the deposition of A. W. Wentz. Said deposition was offered by the plaintiff under provisions of 28 V.A.M.S. § 492.400; whereas the only facts which might authorize the reading of this deposition were contained in the deposition itself, and they disclose that the witness resides in St. Louis County, has his office in St. Louis County, and was present in St. Louis County at the time of the trial, and was subject to subpoena under said statute. The witness is a chiropractor, and does not come under the exemption of physician under said statute."

■ Considering defendant's contention that the hypothetical question asked Dr. Wentz was based on hearsay not in evidence, it is apparent that this point was not set out in defendant's Motion for New Trial. It would thus appear that under Rule 79.03, Rules of Civil Procedure, V.A. M.R., the point is not preserved for review by this court. Aside from the question of whether defendant has preserved the point for appellate review, the objection made by defendant at the trial to the hypothetical question on the basis that "it assumes facts not in evidence and omits facts which I anticipate will be in evidence" does not comply with the necessary legal requirements for making such an objection. "It is the duty of counsel, objecting to a hypothetical question on the ground that it assumes facts not in evidence or that it omits facts shown in evidence, to point out what matters not in evidence are assumed in and what matters in evidence are omitted from such question. Failing to do this, the trial

court is fully justified in overruling the objection." Denney v. Spot Martin, Inc., Mo.App., 328 S.W.2d 399, 402. We, therefore, conclude that the trial court did not err in overruling defendant's objection to this hypothetical question. Defendant also contends in his brief that Dr. Wentz was a chiropractor and, therefore, was not qualified to give a medical opinion. The defendant made no specific objection to his qualifications as an expert witness. Aside from the point that the trial court was not specifically required to rule on an objection to Dr. Wentz's qualifications as an expert witness, it should be noted that such matters as determining the qualifications of an expert witness rest primarily in the discretion of the trial court. It has previously been held that no error was committed in allowing a chiropractor to give his expert opinion as to the interpretation of X-rays. Guiley v. Lowe, Mo.Sup., 314 S.W.2d 232, 1. c. 238. We find no merit to this contention of defendant.

■ Defendant next assigns as error the action of the court in permitting Dr. Harvey Walker, Jr., to answer a hypothetical medical question that assumed material facts not in evidence. There is a serious question as to whether the general specification in defendant's Motion for New Trial permitting the introduction of "irrelevant, immaterial and prejudicial evidence" is sufficient to preserve defendant's contention of error for review by this court. However, aside from this consideration, we do not believe defendant's contention is well taken. Defendant argues that the hypothetical question put to Dr. Walker containing the assumption "that inside the car his (plaintiff's) head was snapped backwards and forwards" was not supported by any evidence. As previously noted, plaintiff testified that "it felt like he was being thrown one way and then another"; that plaintiff's car was forcibly struck from the rear and driven forward one car length. That plaintiff was apparently facing in the direction his vehicle was headed as he described the

movements of the vehicle in front of him. We believe that these circumstances developed by plaintiff's evidence are sufficient to warrant the assumption made in the hypothetical question.

■ Defendant next complains that plaintiff's Instruction No. 6 was erroneous on the measure of damages, because it submitted the question of permanent injuries, and contends there was no credible evidence that plaintiff sustained any permanent injuries. The evidence required to sustain a submission that the injuries will be permanent must show a reasonable certainty to that effect. Doelling v. St. Louis Public Service Co., Mo.App., 258 S.W.2d 244, 249. In the instant case, Harvey Walker, Jr., M.D., plaintiff's physician, testified as follows:

"Q. Doctor, would you describe for us, please—strike that—did you form any opinion, doctor, as to what happened to the muscles, the muscle structure in Mr. Glowczwski's neck?

"A. Yes. I thought, from the description of the accident and his symptoms that he had a whiplash injury and I thought that he had damaged the muscles in his neck and other structures in his neck due to the accident.

"Q. What kind of damage did you think he had to the muscle structure of his neck, Doctor?

"A. The whiplash action tears the muscle fibers and there may be some bleeding in the muscles and in the other tissues in the neck.

"Q. Did you form an opinion as to whether or not any of the muscles in Mr. Glowczwski's neck were torn?

"A. I believed them to be, from his symptoms.

"Q. Doctor, when those muscles are torn how do they heal?

"A. They heal by scar tissue forming across the torn part of the muscle.

"Q. Doctor, does a muscle normally have some resiliency or elasticity to it?

"A. Certainly, normal muscles.

"Q. What is the effect on the elasticity of the muscle, the stretching of it, what is the effect of scar tissue in that area?

"A. Scar tissue doesn't stretch, so the muscle loses some of its ability to stretch.

"Q. Is that a painful condition, Doctor?

"A. Yes.

\* \* \* \* \* \*

"Q. (By Mr. Padberg) Doctor, does he have scar tissue in the muscles of his neck as a result of this accident?

"A. Yes.

"Q. Is that a permanent disability?

"A. Yes."

■ We conclude that there was evidence sufficient to submit to the jury the permanency of plaintiff's injuries.

Defendant complains that the court erred in refusing Instruction No. C offered by defendant which reads as follows:

"You are further instructed that, if you believe and find from the evidence that the injury to the plaintiff was caused by an accident, mischance, or misfortune, and not due to any negligence on the part of either the plaintiff or defendant contributing thereto, then the plaintiff is not entitled to recover, and your verdict must be in favor of the defendant."

■ We believe the court ruled properly in refusing to give this so-called accident instruction. The rule followed in a number of recent cases is that a general

accident instruction should not be given when the cause of the casualty is known. Klesath v. McQueen, Mo., 312 S.W.2d 122, 125, 126; Little v. Wilkerson, Mo., 273 S.W.2d 182; Hogan v. Kansas City Public Service Co., 322 Mo. 1103, 19 S.W.2d 707, 65 A.L.R. 129. In the instant case the cause of the casualty was known, i. e., defendant overtaking and colliding with the rear of plaintiff's vehicle and this was established by the evidence offered by both plaintiff and defendant.

 The next assignment of error made by defendant was that the verdict was so grossly excessive as to indicate bias and prejudice on the part of the jury and thus entitle defendant to a new trial. This question was presented to the trial court in the Motion for New Trial and the point was ruled against defendant. There is nothing in the record to indicate any misconduct during the trial or any indication that the jury was prejudiced in any way. It has been frequently held that the amount of the verdict does not necessarily indicate passion and prejudice, Knight v. Swift and Co., Mo., 338 S.W.2d 795, 802, and cases therein cited. We do not consider that under the circumstances shown in this case that the amount of the verdict establishes bias and prejudice on the part of the jury.

Defendant also argues that the verdict is so excessive that a remittitur should be ordered. "There is no precise method for determining the maximum award which the evidence in this case will support. Each case must be considered upon its own peculiar facts. Due regard should be given to the purchasing power of the dollar, to the rule of reasonable uniformity of awards for similar injuries and to the fact that the jury and the trial judge were in a better position than this court to measure an award of reasonable compensation, as well as to the fact that the trial court has ap-

proved the verdict in question." Burr v. Kansas City Public Service Co., 365 Mo. 115, 276 S.W.2d 120, l. c. 127.

In applying these rules we must consider plaintiff's evidence as true and give him the benefit of all reasonable inferences arising therefrom. In the instant case we have a man 28 years old at the time of trial who was in good health up to the time of the accident; that at the time of trial some 16 months after the accident he could not freely move his neck without pain; that the muscles in his neck were torn and the scar tissue formed in the healing process and this condition caused pain and is permanent; that he will suffer pain in the future; that since the accident he had a constant aching and any sudden move caused pain to shoot down through his back; that he had headaches after the accident about every eight to ten days; that plaintiff sustained property damage in amount of $146.00 and medical expenses at time of trial totaled $211.00, and that he would need treatment in the future. No standard or measure can be found for arriving at reasonable compensation for the type of pain and suffering involved in this case, except the judgment of the so-called reasonable man.

The trial court and the jury had the opportunity to observe the plaintiff during the trial. Although the amount of the verdict appears to be a liberal award, we do not feel it so excessive as to require that a remittitur be ordered. This view finds support in these cases where somewhat similar injuries supported awards in excess of the verdict in this case. Davis v. Ball, Mo. App., 271 S.W.2d 605, 609; Bullock v. Sklar, Mo.App., 349 S.W.2d 381, 387, 388.

The judgment should be and is affirmed.

ANDERSON, P. J., and WOLFE, J., concur.