Leonard A. LINDSEY, Plaintiff-Respondent,

v.

**P. J. HAMILL TRANSFER COMPANY,**
Defendant-Appellant.

No. 32248.

St. Louis Court of Appeals.

Missouri.

June 14, 1966.

Leritz & Leritz, J. D. Leritz, Joseph L. Leritz, St. Louis, for appellant.

Mogab & Hughes, Charles A. Mogab, Richard L. Hughes, St. Louis, for respondent.

CLEMENS, Commissioner.

The defendant has appealed from an $8,000 judgment awarded plaintiff for injuries sustained when defendant's truck backed into a bus in which plaintiff was a passenger. The bus was halted for heavy traffic near an intersection; the defendant's truck had been standing in a service station but then was driven backward into the street, striking the bus and puncturing its side near plaintiff's seat.

With commendable candor the defendant concedes negligence and causation. It contends, however, that trial errors led to an excessive verdict. Defendant has kept alive four points for review: that a prospective juror intentionally concealed prior injuries; that plaintiff's closing argument was a personal attack on defendant's counsel; that plaintiff's treating doctor was erroneously allowed to state the percentage of plaintiff's disability; and that the verdict was excessive. (These points were skillfully presented. The tightly written briefs of both counsel demonstrated their proficiency in appellate practice and were most

helpful to the court.) These four points in order.

Defendant contends the trial court erred in denying a new trial on the ground that a prospective juror intentionally concealed information of two previous injuries. On voir dire, defendant's counsel asked a general question of the jury panel concerning previous injuries sustained by them and members of their families. One venireman told of a broken wrist. Several volunteered information about injuries to members of their families. Venireman Parker then volunteered detailed information about settling a claim for injuries suffered by his son when hit by an automobile. However, at a post-trial hearing, Parker acknowledged that he, too, had been injured. He had made a claim for workmen's compensation and had settled another claim for injuries in an automobile accident.

■ The ultimate issue here is whether the trial court erred in not finding as a fact that Mr. Parker's previous injuries had been intentionally concealed. Triplett v. St. Louis Public Service Co., Mo.App., 343 S.W.2d 670 [8, 9]. In determining this issue of fact, the veteran trial judge had before him the defendant's voir dire question, Mr. Parker's answer thereto and his subsequent explanation. The question:

"Q. Have any of you jury members, or have any of the members of your family had any injuries—I mean your immediate family, had any injuries that required any medical care or treatment?"

The clause "I mean your immediate family" could be misunderstood to mean that counsel was changing his question to limit it to injuries to the veniremen's families. Four veniremen told of injuries suffered by their wives and daughters. Then Mr. Parker volunteered the information about his son's injuries. His testimony at the post-trial hearing showed either that he understood the voir dire question called for information only about his family's injuries or, at worst, that he was confused by the question.

We cannot say categorically that the trial court erred in not finding that Mr. Parker's own injuries were intentionally concealed. So, we may not reverse on this ground. Mantz v. Southwest Freight Lines, Mo., 377 S.W.2d 414 [2–4].

Defendant next contends that the trial court erred in overruling its objections to a part of plaintiff's closing argument. We quote:

"MR. MOGAB: * * * You are going to decide this case on the law and on the evidence that was placed before you and not what I say or what Mr. Leritz says. It is not evidence in this case. We are lawyers, all we do is tell you what we think are—what our impressions are, but if Mr. Leritz, *whose job it is in this case to throw up a smoke screen* [our emphasis]—

"MR. LERITZ: Your Honor, I am going to object. I don't think that a proper argument.

"THE COURT: Well, overruled. The Jury will be guided solely by the evidence and the Instructions of the Court."

■ Defendant brands the emphasized part of the argument as an unjustified personal attack on counsel. We agree. Such comments clash with the orderly tone of a properly tried law suit. As said in Tuck v. Springfield Traction Co., 140 Mo. App. 335, 124 S.W. 1079 [5], quoted with approval in Critcher v. Rudy Fick, Inc., Mo., 315 S.W.2d 421 [3]: "One of the first duties of the judge of a trial court is to preserve order and require that the attorneys as well as other persons should, by their behavior, show a decent respect for the court and for the opposing counsel." In the Tuck and Critcher cases, supra, and in other cases cited by defendant as authority for reversal, the arguments complained of were more vitriolic and prolonged, and the trial courts' rulings therein aggravated the improper comments.

Defendant argues that the trial court's ruling "placed its stamp of approval" on the improper comment. The defendant overstates its case. Although the objection should have been sustained, the court did temper its ruling by admonishing the jury to be "guided solely by the evidence and the instructions of the court." We have considered the defendant's cited case of Bishop v. Hunt, 24 Mo.App. 373, 1. c. 377–378. We conclude, however, that in our case, as in Kiger v. Terminal Railroad Ass'n. of St. Louis, Mo., 311 S.W.2d 5 [13], the overall effect of the court's ruling was to soften the sting of counsel's argument by stressing the importance of the evidence and the instructions.

We do agree with defendant's basic contention that overruling its objection was erroneous. But the ultimate issue here lies deeper than a mere determination of error. Civil Rule 83.13(b), V.A.M.R., forbids a reversal except for error "materially affecting the merits of the action." In deciding the *effect* of improper argument we must consider the trial court's superior vantage point in determining materiality. We are "inclined to defer to the trial court's opinion in these matters, unless upon a full examination of the record it appears that the improper argument was so prejudicial, inflammatory and outside the record as to affect the result on the merits." Collins v. Cowger, Mo., 283 S.W.2d 554 [9]; Kiger v. Terminal Railroad Ass'n, supra, 311 S.W.2d 1. c. 12.

Considering that the offensive argument was an isolated incident in an otherwise orderly trial, considering the court's admonition to the jury to be guided by the law and the evidence, and considering that there was no contention as to liability, we are unable to say that reasonable judicial minds cannot differ on the proposition that the error in overruling defendant's objection did not materially affect the merits of the action. Therefore, we may not reverse on this ground.

The defendant's third point concerns the stated opinion of plaintiff's physician that the degree of plaintiff's permanent disability of his shoulder was thirty-five per cent. Our decisions have reasoned that since it is proper for an expert medical witness to express an opinion that a person is totally disabled, it logically follows that it is proper to express an opinion that a person is partially disabled, and to describe the degree of that partial disability percentagewise. Erbes v. Union Electric Co., Mo., 353 S.W.2d 659 [5]; Knipp v. Mankin, Mo., 336 S.W.2d 371 [5].

■ Defendant's precise point, however, is that the trial court erred in admitting evidence of the percentage of disability over his objection that the opinion would be speculative. Defendant now tardily advances reasons to bolster that conclusion, but no such reasons were stated below. Objections to a question should be so specific that the trial court can realize what rule of evidence is being invoked and why that rule of evidence should exclude a responsive answer. Carroll v. Missouri Power & Light Co., 231 Mo.App. 265, 96 S.W.2d 1074 [1]; Smith v. Fine, 351 Mo. 1179, 175 S.W.2d 761 [13]. Where the grounds for an objection are not made reasonably apparent to the trial court, its ruling is unreviewable. Gerald v. Caterers, Inc., Mo.App., 382 S.W.2d 740 [1]; Russell v. Union Electric Co., 238 Mo.App. 1074, 191 S.W.2d 278 [10–12]. Defendant's naked objection that the doctor's opinion would be speculative afforded no basis for a discerning ruling below, nor for review here.

■ Defendant's last point is that the verdict was excessive. The verdict expressed the jury's finding of fact that $8,000 would fairly and justly compensate the plaintiff for his past and future damages (MAI 4.01). The range of our review is confined to a determination of whether the jury could have reasonably reached that result by believing the evidence favorable to plaintiff and disbelieving contrary

evidence. Machens v. Machens, Mo., 263 S.W.2d 724 [16]; Glowczwski v. Foster, Mo.App., 359 S.W.2d 406 [14, 15]. In that light we shall relate the evidence as to damages, as told by plaintiff and his treating physician.

Plaintiff was a 40-year-old laborer who worked at unloading heavy timbers. Before the accident he had no difficulty with his shoulders, neck or back. At the time of the accident he was thrown from his seat in the bus, his back struck the seat in front of him, and he was hurled to the floor. After the accident he suffered pains in his left shoulder, neck and lower back. On his initial visit to Dr. Walters, the doctor found that he had a muscle spasm in his back and that he could raise his left arm no higher than a horizontal level. He diagnosed plaintiff's condition as an injury to the muscles of the left shoulder, neck and back, and an aggravation of a pre-existing bursitis of the shoulder. The doctor prescribed pain medication, muscle relaxants, heat treatments and a back brace. Over the next eleven months Dr. Walters saw plaintiff fourteen times. He suggested continued use of the back brace, and from time to time prescribed pain medicine and administered diathermy, cortisone injections and cervical traction. Plaintiff could not work for six weeks after the injury. When he returned to work he was given a lighter job as a sawyer, but even this work caused pain in his left shoulder. The plaintiff continued to suffer pain until the time of the trial, eleven months after his injury. His medical expenses were $249. He lost $687 in wages. At the trial Dr. Walters confirmed his original diagnosis and said that plaintiff should continue medication and use of the back brace. He believed that the plaintiff's shoulder and back were permanently disabled to the extent of thirty-five per cent and ten per cent, respectively.

■ On this question of excessiveness we are bound by the principle that a verdict may not be disturbed unless the amount is so grossly excessive that it shocks the conscience of the court. Rinderknecht v. Thompson, 359 Mo. 21, 220 S.W.2d 69 [14]; Brandt v. Thompson, Mo., 252 S.W.2d 339 [7]. "So also must we have due regard for the attitude of the trial judge, whose conception of what was right, induced by what he had personally observed, prompted him to let the verdict stand." Smith v. St. Louis Public Service Co., Mo.App., 235 S.W.2d 102 [6, 7]; and see Marquardt v. Kansas City Southern Railway Co., Mo., 358 S.W.2d 49 [16]. We have considered the physical and material elements of pain, limitation of motion, permanency of injuries, medical expenses and wages lost. We have borne in mind the legal factors of uniformity of verdicts in similar cases and the current purchasing power of the dollar. We have compared this case with the five cited by the defendant: Salzwedel v. Vassil, Mo.App., 351 S.W.2d 829; Hiken v. Wilson's Shoes, Inc., Mo.App., 317 S.W.2d 673; Roberts v. Carter, Mo.App., 234 S.W.2d 324; Statler v. St. Louis Public Service Co., Mo.App., 300 S.W.2d 831; and Kulengowski v. Withington, Mo.App., 222 S.W.2d 579. It would be futile to discuss each of those cases in detail, because every case must be decided upon its own facts. Suffice it to say that in each of them there are elements substantially dissimilar from those before us.

■ Considering the compensable elements of plaintiff's claim, and the stated limitations on our power to interfere, we cannot say as a matter of law that the evidence does not support the verdict. This conclusion finds confirmation in the following cases where similar compensable elements supported similar verdicts: Wren v. St. Louis Public Service Co., Mo.App., 355 S.W.2d 365; See v. Kelly, Mo.App., 363 S.W.2d 213; and Glowczwski v. Foster, supra.

Finding no material error in the points raised, the judgment is affirmed.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.