**Willard MEADOWS,
Plaintiff–Respondent,**

v.

**Vernon KINSER, Defendant–Appellant.**

**No. 10426.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 28, 1980.

Michael D. Garrett, Monett, for plaintiff–respondent.

John H. Schmidt, Springfield, for defendant–appellant.

BILLINGS, Presiding Judge.

Action to enforce a mechanic's lien by a general contractor against the owner. Plaintiff–contractor was awarded $434.77 for an unpaid balance due on the original contract and $2,432.71 for extra work and materials used in the construction of the defendant–owner's house. The court found defendant was entitled to a setoff of $730.00 and judgment was rendered for plaintiff and against defendant in the net amount of $2,137.48. Defendant appeals. We affirm.

Plaintiff is a contractor that had built only a few houses prior to entering into the agreement to build defendant's house. Defendant was a cousin of plaintiff's wife and had decided to retire from a job in Michigan and move to Jenkins, Missouri. On May 22, 1973, plaintiff and defendant entered into a contract for the plaintiff to build defendant a house for $15,000 and a deed to two lots. The contract called for: (1) the use of the owner's drawings and instructions; (2) owner's choice of medium priced materials; (3) a penalty fee for late construction; and (4) contained a clause that stated: "Any variation from plan or alterations requiring extra labor or material will be performed only upon written order and billed in addition to the sum covered by this contract."

Apparently, neither plaintiff nor defendant followed the clause requiring a written order for variations from the original plans.

Testimony was given as to visits by defendant to the construction site, telephone calls between the parties, and other oral requests by both plaintiff and defendant for alterations, extra work, and extra materials.

Defendant's first assignment of error is that the trial court erred in admitting any evidence of extra work and materials because: (1) plaintiff's failure to show that such changes were in writing; and (2) "extras" were merely basic components as required per the contract.

■ The general rule is that when a construction contract requires a written change order, there is no right to recover for extra work without such a writing or waiver by the owner. *Herbert & Brooner Construction Co. v. Golden*, 499 S.W.2d 541 (Mo.App.1973). A waiver of a written change order may be shown by presenting evidence that the parties have orally agreed upon the "extras" and that the "extras" have been supplied pursuant to this agreement. *Wirtel v. Nuelle*, 27 S.W.2d 501 (Mo. App.1930). The determination of whether "extras" are indeed "extras," and not merely basic components of the contract, is a jury question. *Kaiser v. Lyon Metal Products, Incorporated*, 461 S.W.2d 893 (Mo.App. 1970).

■ We find that the trial court did not err in allowing evidence to be introduced to establish a waiver of this provision. Further, there was substantial evidence introduced to support the trial court's finding that these "extras" were not merely basic components as required per the contract.

Defendant next avers that the trial court erred in admitting Exhibit "H", a rough draft of a letter sent to the defendant, into evidence.

■ At trial, defendant's objection to the introduction of Exhibit "H" was that: "It's a self–serving instrument." "Self–serving instrument," however, is not a proper objection. Such an objection is neither a specific objection nor does it contain the proper

ground for excluding evidence. *Lindsey v. P. J. Hamill Transfer Company*, 404 S.W.2d 397 (Mo.App.1966). "Where the grounds for an objection are not made reasonably apparent to the trial court, its ruling is unreviewable." 404 S.W.2d at 400.

It is urged that the court erred in allowing plaintiff's wife to testify about a telephone conversation, between plaintiff and defendant, concerning the substitution of a steel beam for a wooden beam.

■ At trial, plaintiff testified about a telephone conversation with defendant concerning the substitution of a steel beam with a wooden beam in the construction of the house. This testimony came in without objection. Plaintiff's wife was permitted to testify as to what she overheard during this telephone conversation. The wife's testimony was similar to the testimony given by her husband and related solely to what she overheard during this conversation. As stated in *Anderson v. Welty*, 334 S.W.2d 132 (Mo.App.1960): ". . . a party will not be heard to complain of the admission of testimony over his objection, where testimony of the same tenor theretofore had been admitted without objection." 334 S.W.2d at 139.

Defendant's final assignment of error is that the court erred in refusing to allow defendant to testify about the requirements and cost of replacing the wooden beam with a steel beam.

During the course of the trial, the following exchange occurred:

"Defendant's Counsel: Q. Do you know what would be required to install a steel beam in your house?

Defendant: A. I talked–

Plaintiff's Counsel: Object to that for the reason no showing of any qualification on his part to testify as to that.

JUDGE PINNELL: Sustained. * * *

Defendant's Counsel: Your honor, I would make this offer on that. Mr. Kinser owns the property and–

Defendant: Sure, I do, and I know–

Defendant's Counsel: Just a minute, Mr. Kinser. The defendant owns the property and I would offer to show by the witness that if given an opportunity, he would tell the Court what it would cost and what would be required to install the steel beam in this house. I would ask to show that by this witness.

Plaintiff's Counsel: Same objection.

JUDGE PINNELL: The offer will be refused."

Defendant cites Missouri case law for the "rule in Missouri that an owner of property . . . has standing to testify on matters of value and damages . . . [and] in such cases, questions about the expertise of the witness go to the weight of his testimony, but not his competency."

■ Defendant's offer of proof does not show that defendant was prepared to testify as to either the value or damage to his property as a result of the use of a wooden beam. Nor were defendant's qualifications to testify as to the cost and requirements of installing a steel beam in the house established. As such, the trial court did not err in rejecting defendant's testimony as to the cost and requirements in replacing a wooden beam with a steel beam.

The judgment is affirmed.

All concur, except MAUS, J., recused.