**STATE of Missouri, Plaintiff–Respondent,**

v.

**John R. FLYNN, Defendant–Appellant.**

No. 20565.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 6, 1996.

Ellen H. Flottman, Asst. Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Judge.

John Rowland Flynn (defendant) was convicted following a jury trial of possession of cocaine, a controlled substance. § 195.202, RSMo Supp.1991. He appeals contending the trial court erred in not permitting him to explain his purpose for possessing the cocaine. This court affirms.

Defendant was operating a motor vehicle in Thayer, Missouri. He was stopped by police officers—two officers were patrolling together—for failing to signal when turning. Defendant's son, Ricky, was a passenger in defendant's automobile. One of the officers

observed a beer in Ricky's lap. He asked Ricky's age. Ricky told the officer he was 18. Ricky said he got the beer from defendant.

Defendant and Ricky were asked to step out of their vehicle. One of the officers smelled liquor on defendant's breath and asked him to take a field sobriety test. Defendant passed the test.

Defendant was arrested for furnishing intoxicants to a minor. He was told to place his hands behind his back. As defendant started to put his hands behind him, he stuck his right hand in his right front pocket. He removed a white object that he managed to throw away. One of the officers retrieved the object. It was a white vial that was later determined to contain cocaine.

Defendant testified at trial that he previously worked for the DEA and FBI. He said he more recently worked for an investigator for the Northeast Arkansas Drug Task Force. Defendant said he had taken the cocaine from a friend, Teresa Brown, the night before his arrest. He was asked what he intended to do with the cocaine. The prosecuting attorney objected to the question as being "self-serving and speculative." The trial court sustained the objection. The trial transcript reflects the following:

Q. [by defendant's attorney] When you took that away from Teresa Brown, what did you do with it?

A. I kept possession of it so that she couldn't get—

[Prosecuting Attorney]: Your Honor, I'm going to object to not being responsive.

THE COURT: Objection sustained as to the last half of the response.

Q. [by defendant's attorney] Where did you put it?

A. It was in my pocket for a while, and then in my car.

Q. And why did you put it—

A. Which I always kept locked.

Q. And why did you put it in the car?

A. I intended to turn it over to—

[Prosecuting Attorney]: Your Honor, I'm going to object to his intentions as being speculative and self-serving.

THE COURT: Sustained.

A bench conference followed. Defendant's attorney told the trial court she was not asking about someone else's intentions, but was asking defendant about his own intentions. She stated, "And I don't understand why that would be speculative." The trial judge replied, "It's self-serving."

■ Defendant was asked how long the cocaine had been in his pocket when he was stopped by the Thayer police officers. He answered, "Approximately 24 hours." Defendant stated that he knew the identity of Ms. Brown's dealer. He was asked, "And why didn't you go straight to the police?" The prosecuting attorney objected that the question was "self-serving." The objection was sustained.[1]

Defendant acknowledged that the cocaine had been in his possession; that he knew it was illegal. He was asked, "Did you have any intention to use it in an illegal fashion?" The prosecuting attorney objected to the question "as being self-serving." The objection was sustained.

Defendant contends "[t]he trial court erred in sustaining the state's objection and refusing to allow [him] to testify about his intentions with regard to the cocaine he had taken from Teresa Brown." He contends the trial court's ruling denied him his right to defend against the charged offense.

The state's brief suggests defendant failed to perfect the question he attempts to raise on appeal because he failed to make an offer

---

1. By not addressing the sufficiency of the objection that the tendered evidence was "self-serving," this court does not intend to infer that the objection was specific so as to preserve anything for appellate review. That issue was not raised in this appeal. *See Meadows v. Kinser,* 603 S.W.2d 624, 626 (Mo.App.1980); *see also State v. Sandusky,* 761 S.W.2d 710, 714 (Mo.App.1988). That an out-of-court statement was "self-serving" is a proper objection to prevent an out-of-court, favorable declaration by a party litigant from being admitted in evidence unless the statement was part of the *res gestae* of the event that is the subject of litigation. *State v. Sweet,* 796 S.W.2d 607, 614 (Mo. banc), *cert. denied,* 499 U.S. 932, 111 S.Ct. 1339, 113 L.Ed.2d 270 (1990). That was not what was attempted in this case.

of proof at trial. The state appropriately relies on *State v. Fleer,* 851 S.W.2d 582 (Mo. App.1993). *Fleer* states:

> When an objection is made to proffered evidence and that objection is sustained, the proponent must make an offer of proof in order to preserve the matter for appellate review. *State v. Bounds,* 785 S.W.2d 586, 590 (Mo.App.1990). An offer of proof must demonstrate the relevancy of the testimony offered, must be specific, and must be definite. *State v. Dagley,* 793 S.W.2d 420, 423 (Mo.App.1990). Usually, a proper offer of proof entails questions to a witness on the stand. *Id.*

*Id.* at 595.

■ An exception exists to the rule stated in *Fleer.* As explained in *Frank v. Environmental Sanitation Management, Inc.,* 687 S.W.2d 876, 883–84 (Mo. banc 1985):

> Generally, appellate courts will not review excluded evidence without a specific and definite offer of proof. *Karashin v. Haggard Hauling & Rigging, Inc.,* 653 S.W.2d 203 (Mo. banc 1983). We carved out an exception to this rule in *State ex rel. State Highway Commission v. Northeast Building Co.,* 421 S.W.2d 297 (Mo.1967). In *Northeast* we recognized the purpose of an offer of proof is to insure the trial court and opposing counsel understand the proposed evidence. Additionally, an offer of proof enables appellate courts to understand claims of error. In *Northeast* an offer of proof was not needed because everybody at trial knew what the testimony would be. Because the objection was based on a category of evidence and could be adequately reviewed, we created an exception to the rule requiring offers of proof. This exception is very narrow. First, it requires a complete understanding, based on the record, of the excluded testimony. Second, the objection must be to a category of evidence rather than to specific testimony. Third, the record must reveal the evidence would have helped its proponent. *See Brooks v. Travelers Insurance Co.,* 515 S.W.2d 821 (Mo.App. 1974).

Because defendant did not make an offer of proof, the question to be resolved is whether the issue defendant attempts to raise on appeal falls within the exception set forth in *State ex rel. State Highway Commission v. Northeast Building Co., supra.* The excluded testimony was intended to provide, as a defense, that defendant planned to turn over the cocaine to the investigator for the Northeast Arkansas Drug Task Force for whom, according to defendant, he previously worked.

Defendant's attorney, in her opening statement, told the court and jury:

> [Defendant] took [the cocaine] away from [Teresa Brown] with every intention of going to Doug Thomas, an officer that he knew and had a relationship with, and give that to Doug Thomas and accomplish two things at the same time. By going to an officer that he trusted and had a relationship, he believed he could keep Teresa Brown from being arrested for possessing cocaine. And he also believed that he could get her supplier in a whole lot of trouble. And he wanted to do that. He had done it before. When he was working as a confidential informant, or a snitch if you want to call it that, he had handled drugs. He had handled drugs in that capacity.

Arguably, the trial court, based on the record, had a complete understanding of the excluded testimony.

The purpose of the objections to the questions asked defendant was to preclude defendant from explaining his intentions. The objections were not directed to the form of a particular question or the manner in which the questions were asked. They were directed to a category of evidence—evidence explaining defendant's intentions with respect to the use or disposition of the cocaine he possessed.

A discussion of the question of whether the third prong of the test to determine if an offer of proof was required presents a dichotomy. The third requirement for the exception is that the excluded testimony, if allowed, would have helped defendant. However, under the circumstances of this appeal, whether the excluded testimony would have been helpful turns on its materi-

ality to the offense charged. If the excluded testimony would have provided no basis for a defense, it would not have been helpful; hence, an offer of proof would have been required. However, because the excluded testimony would not have provided a defense, defendant would not have benefitted from the offer of proof.

■ Testimony that defendant intended to turn over the cocaine to an Arkansas investigator would not have provided a defense to the crime charged. Section 195.202 makes it unlawful for any person to possess or have under his control a controlled substance unless possession of that substance is authorized by §§ 195.005 to 195.425, the Comprehensive Drug Control Act of 1989. Section 195.180.2 provides that anyone charged with a criminal offense in violation of a provision of §§ 195.005 to 195.425 has the burden of proving any exception, excuse, proviso or exemption in that law that exculpates the person charged from criminal liability.

Defendant does not suggest that the testimony he contends was erroneously excluded was related to any exculpatory provision of §§ 195.005 to 195.425, nor does this court's review of those statutes reveal any such provision. He supports the argument that he was denied the opportunity to present a defense with cases based on confrontation and compulsory process guarantees of the Sixth Amendment to the U.S. Constitution and on due process guarantees of the Fifth and Fourteenth Amendments—*Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987); *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); and *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). In each of those cases, state rules of evidence were held unconstitutional.

*Washington* addressed a state law that prohibited principals, accomplices or accessories in the same crime from being witnesses for each other in criminal cases. The case held that the Texas law violated the Sixth Amendment right of a criminal defendant to have compulsory process for obtaining witnesses in his favor; that the law arbitrarily denied a defendant the right to put a witness on the stand who had the ability to testify concerning events the witness had personally observed. The court stated, "The Framers of the Constitution did not intend to commit the futile act of giving to a defendant the right to secure the attendance of witnesses whose testimony he had no right to use." 388 U.S. at 23, 87 S.Ct. at 1925.

*Chambers* dealt with a state law of evidence, the Mississippi common-law "voucher" rule, that prohibited a defendant in a criminal case from impeaching his own witness, and with a hearsay rule that prohibited the defendant from obtaining testimony from persons concerning a confession by a third party to the same crime with which the defendant was charged. The court held the "voucher" rule violated the confrontation guarantee of the Sixth Amendment by depriving a defendant the right to contradict testimony adverse to him and was a deprivation of due process contrary to the Fourteenth Amendment. 410 U.S. at 294–298, 93 S.Ct. at 1045–1047.

It held the hearsay exclusion denied the defendant due process in violation of the Fourteenth Amendment because the out-of-court statements bore substantial assurances of trustworthiness—the declarations were made spontaneously to a close acquaintance; the declarations were corroborated by other evidence; each statement was in a real sense against the declarant's interest; the declarant was available for cross-examination by the state. *Id.* at 300–303, 93 S.Ct. at 1048–1050.

In *Davis* a defendant sought to impeach the testimony of a witness for the state based on the witness' juvenile probation status. The defendant sought to show bias and prejudice attributable to the juvenile's desire to assist the officials who controlled his probation status. Cross-examination was limited because state law provided for anonymity of juvenile offenders. The court held the defendant in the criminal case was denied the right of confrontation guaranteed by the Sixth and Fourteenth Amendments; that the right of confrontation was paramount to the state's policy of protecting juvenile offenders; the juvenile's right of anonymity was outweighed by the defendant's right to confront witnesses against him, to effectively cross-examine those witnesses. 415 U.S. at 315–320, 94 S.Ct. at 1109–1112.

*Rock* involved a state limitation against a defendant's hypnotically refreshed testimony. Arkansas deemed such testimony *per se* unreliable. The defendant in *Rock* underwent hypnosis by a trained neuropsychologist. After being hypnotized, the defendant remembered details concerning a shooting which was the basis of the criminal charge against her that were favorable to her defense. The state supreme court ruled the prohibition against her testifying concerning the refreshed memory did not violate her due process right to testify in her own behalf. The court in *Rock* held the state's *per se* rule that excluded all hypnotically refreshed testimony infringed a criminal defendant's Sixth Amendment right to compulsory process and the Fourteenth Amendment right of due process. 483 U.S. at 51–56, 107 S.Ct. at 2708–2712.

The cases defendant cites do not support his claim that he was denied the opportunity to present a defense. *Washington, Chambers,* and *Davis* dealt with defendants in criminal cases being denied the opportunity to present testimony from third parties or to challenge testimony of third parties that go to the proof of elements of the charged crimes. *Rock* involved a defendant in a criminal case being denied the opportunity to testify concerning relevant facts that would have rebutted elements of the criminal offense.

 The elements of the offense with which defendant was charged are his possession of cocaine, his knowledge of its presence and knowledge of its illegal nature. *State v. Purlee,* 839 S.W.2d 584, 587 (Mo. banc 1992); *State v. Garza,* 853 S.W.2d 462, 464 (Mo.App. 1993). The excluded testimony in this case did not go to an element of the offense with which he was charged, possession of a controlled substance. The testimony, if allowed, would not have provided defendant with a defense. The state's assertion that, technically, an offer of proof was required is well-founded.

Further comment is required concerning defendant's allegation of trial error. Defendant's allegation includes the complaint that the excluded testimony "would have been helpful to the jury in assessing punishment." His brief, however, includes no citation of authority in support of that claim, nor does he address it in the argument portion of his brief. An issue presented in a point on appeal that is not supported by citations of authority is deemed to be abandoned. *State v. Fingers,* 564 S.W.2d 579, 584 (Mo.App. 1978). Likewise, "[t]he argument shall substantially follow the order of 'Points Relied On.'" Rule 30.06(e).

Although defendant's assertion that he was deprived the right to present evidence that might impact on a jury's assessment of punishment is not preserved for appellate review, it is appropriate to note that although a jury may declare a term of imprisonment, the court decides the extent or duration of a sentence subject to the limitation that the sentence cannot exceed the term declared by the jury. *See* § 557.036.1 and .3. In imposing punishment a trial court has, as was the situation in this case, the availability of a presentence investigation report in which factors a defendant deems would be mitigating may be raised. *See* Rule 29.07. The judgment is affirmed.

MONTGOMERY, C.J., and CROW, P.J., concur.