BERTHA GOURLEY, by Next Friend, Respondent, v. PATRICK CALLAHAN, Appellant.

St. Louis Court of Appeals, May 4, 1915.

1. **EVIDENCE: Character of Parties: Admissibility of Evidence.** In civil actions the character of neither party, unless assailed, can be inquired into, if not put in issue by the nature of the proceedings; but if one of the parties assails the character of

his adversary, the party so attacked may introduce character witnesses to sustain his good repute.

2. ——: ——: ——. Ordinarily, the character of a party to a civil suit is put in issue only in that class of cases where evidence of good character is to be considered in assessing damages, such as actions for libel, slander, malicious prosecution. etc.

3. ——: ——: ——. In an action for assaulting a young girl, questions asked defendant, on cross-examination, as to whether he had not attempted to violate another girl, justified the admission of evidence as to defendant's good character, although his answers neither admitted nor denied such assault, for the reason that the questions propounded imputed a suggestion of wrongdoing on his part, which is all that is necessary to warrant the admission of character evidence. [ALLEN, J., dissents.]

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor,* Judge.

REVERSED AND REMANDED (*with directions*).

*John J. O'Brien* and *McShane & Goodwin* for appellant.

(1) Plaintiff having assaulted defendant's character for morality, virtue and decency, and having tendered an issue on such matter, defendant had a right to show his general reputation was good in such respect and thereby meet the issue presented. Ross v. Grand Pants Co., 170 Mo. App. 291. (2) Evidence that defendant had assaulted and raped another girl on another occasion and evidence that plaintiff had publicly exposed himself in an indecent manner on another occasion is an assault on his character for morality, virtue and decency, and tenders an issue of such character because it has been even held that a conviction for violating a municipal ordinance against disturbing the peace, which would not be admissible to impeach a witness, was an assault upon a party's character for morality and truthfulness. Ross v. Grand

Pants Co., 170 Mo. App. 291; Meredith v. Whillock, 173 Mo. App. 542, 158 S. W. 1061.

*Claud D. Hall* for respondent.

(1) It was error to admit the testimony of defendant's witnesses, Mrs. Fitzgerald and Mrs. Dorsey, as to defendant having a good reputation, for the reason that this action was not one involving character or reputation of the defendant. Dudley v. McClure, 65 Mo. 241; Vawter v. Hultz, 112 Mo. 633, 639; Rogers v. Troost's Adm., 51 Mo. 470; Black v. Epstein, 221 Mo. 286, 305; Hatch v. Bayless, 164 Mo. App. 217; Grocer Co. v. Tagart, 78 Mo. 166; Milan Bank v. Richmond, 235 Mo. 532; Lumber Co. v. Hartman, 45 Mo. App. 647; Platt v. Andrews, 4 N. Y. 493; Markey v. Angell, 22 R. I. 343; Adams v. Elseffer, 132 Mich. 100; Munpers v. Farmers Ins. Co., 30 Oregon, 211; Gebhart v. Burkett, 57 Ind. 378; Thayer v. Boyle, 30 Me. 475; Humphrey v. Humphrey, 7 Conn. 116; Houghtaling v. Kilderhouse, 1 N. Y. 530. (2) By putting a question to defendant as to whether he had not violated another girl, Bessie Seath, to which defendant answered, "I never heard of that name; I don't know anybody by that name," did not constitute an attack upon defendant's character justifying the introduction of evidence of defendant's good character or reputation.—(*a*) For the reason that the mere question was not an attack, and for the reason that the answer was not an admission of the matter inquired about, but a denial thereof. (*b*) But, if this answer of the defendant can under any rule of construing the English language be held to establish an act of misconduct with Bessie Seath, it was a single act and such did not justify the introduction of evidence as to the defendant's general reputation. Pratt v. Andrews, 4 N. Y. 493; Houghtaling v. Kilderhouse, 1 N. Y. 530; Bracy v. Kibbe, 31 Barb. 273; Schaeffer v. Oppenheimer, 9 N. Y. St. 688; Leckey v.

Bloser, 24 Penn. St. 401; Jones' Commentaries on Evidence, sec. 148. (3) The ruling of the lower court in sustaining a motion for a new trial on the ground of improper admission of testimony will be affirmed, unless there was a clear abuse of discretion. Giessendoerfer v. Western Horse Shoe Co., 131 Mo. App. 534; 29 Cyc. 534; Hatch v. Bayless, 164 Mo. App. 217; Markey v. Angell, 22 R. I. 343; Chouquette v. Railroad, 152 Mo. 66; Haven v. Railroad, 155 Mo. 216; Loevenhart v. Railroad, 190 Mo. 342; Rodon v. Transit Co., 207 Mo. 392; Ridge v. Johnson, 129 Mo. App. 541; State v. Thomas, 78 Mo. 327, 343.

NORTONI, J.—Defendant prosecutes this appeal from an order of the court setting aside a verdict in his favor and awarding plaintiff a new trial.

Plaintiff, a young girl about seventeen years of age, prosecutes the suit through her father, as next friend, for damages alleged to have accrued to her on account of an assault by defendant.

A trial was had before a jury, with the result that the finding and verdict were in favor of defendant. Thereupon plaintiff filed a motion for a new trial and this motion the court sustained. It appears that, during the cross-examination of defendant, while he was on the witness stand, plaintiff's counsel interrogated him with respect to alleged misconduct toward another young girl in the neighborhood, and thereafter defendant placed two witnesses—that is, character witnesses —on the stand, who testified to the effect that his general reputation was in all respects good. Because of the admission of this evidence on the part of defendant, the court subsequently set the verdict in favor of defendant aside on the fourth and fifth grounds assigned in plaintiff's motion for a new trial. The fourth and fifth specification of grounds in the motion for a new trial and on which the verdict was set aside are as follows:

"Fourth. The court erred in admitting improper testimony adduced by defendant."

"Fifth. The court erred in admitting improper testimony adduced by the defendant as to the character and reputation of the defendant."

From an inspection of the record, it is obvious that no other evidence adduced by defendant than that above referred to may in any view be regarded as improper. It is, therefore, clear that the new trial was granted to plaintiff and the verdict in favor of defendant set aside because the court entertained the view that it was incompetent for defendant to introduce character evidence—that is, evidence tending to support his general reputation as a good citizen.

No one can doubt that in civil actions the character of neither party, unless assailed, can be inquired into, if not put in issue in the nature of the proceedings [See Gutzwiller v. Lackman, 23 Mo. 168.] It is said, too, that the character of a party to a civil suit is only put in issue in the class of cases, such as libel, slander, malicious prosecution, etc., in which evidence of good character is to be considered in assessing damages. [See Black v. Epstein, 221 Mo. 286, 304, 305, 120 S. W. 704; Vawter v. Hultz, 112 Mo. 633, 639, 20 S. W. 689.] If, however, in the trial of a civil suit where the character of a party is not in question by the nature of the proceedings, the adverse party raises the issue in respect of it by assaulting the character of his adversary, it then becomes competent for such party so attacked to bring forward character witnesses to sustain his good repute. [See Ross v. Grand Pants Co., 170 Mo. App. 291, 156 S. W. 92; State v. Speritus, 191 Mo. 24, 34, 35, 36, 90 S. W. 459.] It was in this view that defendant introduced the evidence of two witnesses tending to show his good character, in that he enjoyed a good reputation in the neighborhood where he resided, for plaintiff seemed to assail him by the imputation of

wrong-doing in the cross-examination of defendant when he was on the stand.

The questions propounded to defendant during his cross-examination by plaintiff and his answers thereto touching this matter are as follows: "Q. Now, Mr. Callahan, I will ask you if you didn't make an effort to violate another girl in that neighborhood and who lived near you, named Miss Bessie Seath? A. I never heard of that name. Q. Well, what was her name? A. I don't know; I don't know anybody by that name. Q. Is that correct? A. That is correct." Plaintiff's counsel, having propounded these questions to defendant while on the stand and during his cross-examination, defendant introduced the character evidence above referred to, and, as before stated, the court subsequently set the verdict aside because such character evidence was received in support of defendant's good repute.

It is urged that the answers of defendant to the questions above propounded are so ambiguous, indefinite and uncertain as to amount to nothing whatever tending to impeach the character of defendant so as to authorize him to rebut it. It is true the answers are indefinite, in that they neither admit nor deny the charge suggested in the principal question that he had violated a young girl in the neighborhood. But though such be true, when all of the questions and answers are considered together, they impart a suggestion that defendant was probably evading a direct answer to the inquiry as if he did not feel entirely free to speak upon it. However, it is not essential that the defendant shall confess his guilt when thus interrogated on cross-examination, if the questions propounded be of such character as to impute a suggestion of wrong-doing on his part. In such circumstances, it is competent for defendant to bring forth witnesses in his own behalf to sustain his character and thus re-

fute the imputation of immorality cast as a cloud upon him.

Touching this matter, the Supreme Court of North Carolina has said: ''Where an imputation against the character of a witness is made by the very question which is put to him, evidence in support of that character becomes competent.'' [See The State v. Cherry, 63 N. C. 493.]

So, too, the principle has been extended quite beyond this by the Supreme Judicial Court of Massachusetts, for that tribunal has declared that an attempt to impeach a witness, by asking another witness what was his character for truth, warrants the introduction of evidence to support his character, although the answer to the question propounded to the witness in the first instance was that the character of the witness so sought to be impeached was good. [See Commonwealth v. Ingraham, 7 Gray (Mass.) 46.]

It appears, therefore, that though defendant neither admitted nor denied in pointed fashion the implication of wrongdoing with respect to Bessie Seath, but answered only that he did not know one of that name, the imputation of immoral conduct conveyed in the question itself was sufficient to constitute an attack on—that is, draw—his character in issue, and rendered competent evidence in his behalf of good repute, to the end of removing the cloud cast upon him by plaintiff. The court, therefore, did not err in admitting such evidence adduced by defendant.

The order granting a new trial to plaintiff is reversed and the cause remanded with directions to reinstate the verdict and enter judgment thereon for defendant. It is so ordered. *Reynolds, P. J.,* concurs. *Allen, J.,* dissents on the ground that the question asked defendant in cross-examination, though incompetent, was insufficient, in itself, as an attack upon defendant's character, under the circumstances, to au-

thorize the introduction of testimony in support of his character for morality and decency.