O. J. FERGUSON, APPELLANT, v. C. O. SIMMONS, RESPONDENT.—43 S. W. (2d) 875.

St. Louis Court of Appeals. Opinion filed December 8, 1931.

*Davis & Damron* for appellant.

*John H. Keith* for respondent.

NIPPER, J.—This case originated in the Circuit Court of Madison County, Missouri. Plaintiff is a newspaper editor, and defendant is the sheriff of Madison County.

The petition alleges that on the 15th day of November, 1929, the defendant maliciously, and with intent to outrage, humiliate, and disgrace plaintiff, did by force seize, restrain, and search the person of plaintiff, without reasonable cause, and without right or authority so to do, and against the will of plaintiff; that by reason of said seizure, restraint, and search plaintiff was greatly "outraged, humiliated, and disgraced." Plaintiff asked $1000 actual and $1000 punitive damages.

The answer of defendant alleges that on the date mentioned he was the duly elected, acting, and authorized sheriff of Madison County, Missouri, and that on said date while acting as such sheriff, in the exercise of the duties of his office, and without malice, and on reasonable and probable cause, in good faith, and on facts and reliable information given him by other persons, that the plaintiff was committing a felony by carrying a concealed weapon, to-wit, a pistol, he did restrain and search the plaintiff, believing at the time, from information and facts received from other credible persons, that plaintiff was committing the offense of carrying a concealed weapon, which said offense was and is a felony.

Upon a trial of the issues, there was a verdict and judgment for defendant, and plaintiff has appealed.

In our view of this case, it is unnecessary to detail the evidence introduced at great length.

Plaintiff testified that he was standing on a street in the City of Fredericktown, talking to a friend and acquaintance, when defendant came up to him in an angry excited manner, grabbed him, and searched him, and when plaintiff asked him what he was doing and what his authority for so doing was, he pulled back his coat and showed him his gun and stated that was his authority. When he asked defendant what he was going to do, he said, "I am going to search you." After this took place defendant walked away, and no weapon of any kind was found upon plaintiff. This took place on a public street in the City of Fredericktown, where the plaintiff lived and had lived for many years. Plaintiff was corroborated by two witnesses who were present and saw what took place.

The defendant testified that he arrested plaintiff; that when he walked up to him he told plaintiff to consider himself under arrest, and then searched him. He did this because he had been informed by one of his deputies and a friend, as well as the prosecuting attorney, that plaintiff was acting suspicious and should be watched, and one witness told the defendant that he had seen the plaintiff with a gun or pistol in his pocket the day before.

It appears that one of defendant's deputies had had an altercation with plaintiff, and assaulted him a day or two prior to this event. All the testimony offered on the part of the defendant tended to show that he had reasonable cause to suspect that plaintiff had a pistol.

In rebuttal, plaintiff offered to show by four witnesses that he sustained a good reputation for being a law-abiding, moral, upright citizen. This evidence was rejected by the court, and its rejection is urged here as grounds for reversal of this case.

We are of the opinion that the learned trial judge was in error when he refused to permit plaintiff to show his good reputation, under the particular facts of this case. We appreciate the fact that ordinarily in civil actions the character and reputation of plaintiff is not admissible, but where it is put in issue by the pleadings and the evidence, it is relevant and very material. Of course, if plaintiff had merely alleged damages generally as a result of the wrong, then the evidence as to his character and reputation would be inadmissible; but the petition in this case alleges that he was outraged, humiliated, and disgraced. It is true that the petition does not allege in specific terms that his reputation was injured, but it does allege that he was "disgraced," which, we think, practically amounts to the same thing. Plaintiff's reputation was brought in issue by the pleadings, as well as the evidence adduced on the part of the defendant. Defendant pleaded that he acted in good faith and had reasonable grounds to believe that plaintiff was committing a felony by carrying a concealed

weapon. He then introduced evidence tending to show that his reasons were well founded, and that plaintiff was carrying a pistol the day before. This brought plaintiff's character in issue, and he could prove his good character to rebut the claim of good faith. [Milton v. Dairy Co., 188 Mo. App. 278, l. c. 286, 175 S. W. 105.] Plaintiff had the burden of proving that defendant acted without reasonable cause, and that the attack, or the search, which took place on a public street in the town where plaintiff lived, was made without reasonable cause, and plaintiff should be permitted to show his good reputation, and that it was known to the defendant, when the search or the arrest was made. [Stubbs v. Mulholland, 168 Mo. 47, l. c. 78, 79, 67 S. W. 650.] In this connection see also Carp v. Queen Insurance Co., 203 Mo. 295, 101 S. W. 78; Thompson v. St. Louis-San Francisco Ry. Co. (Mo. App.), 3 S. W. (2d) 1033.

In this view of the case it is unnecessary to refer to other alleged errors, if there be others, as they may not occur on a retrial of the case, if one is had.

For the reasons above noted, the judgment is reversed, and the cause remanded. *Haid, P. J.,* and *Becker, J.,* concur.