**Randolph GEVERMUEHLE, et al., Appellants,**

v.

**John J. GEIMER, Respondent.**

**No. 42490.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 19, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 10, 1981.

Samuel A. Goldblatt, William R. Kirby, St. Louis, for appellants.

Samuel T. Vandover, St. Louis, for respondent.

REINHARD, Judge.

Plaintiffs appeal from a judgment entered upon a jury verdict in favor of defendant in this suit by a minor and his father in which they sought damages for personal injuries and medical expenses, respectively.

The facts relevant to this appeal are as follows: On June 25, 1977, defendant was driving south on a residential street in St. Louis County. The minor plaintiff, then age six, was riding a "Big Wheel," and attempted to cross the street from east to west; he was struck by defendant's car and suffered injury. In plaintiffs' verdict directing instructions, they submitted that defendant was negligent because he failed to keep a careful lookout or drove at an excessive speed. Defendant contended that his view was obstructed by a vehicle parked on the east side of the street, and two of his witnesses so testified at trial. Several of plaintiffs' witnesses testified that there were no vehicles parked on the street at the time of the accident.

One of the witnesses called by plaintiff was the officer who investigated the accident. The officer testified that he had no independent recollection of the accident referred to in his police report. On direct examination, plaintiffs' counsel asked if defendant had told the officer that the child came from behind a parked car, and the officer replied: "I have nothing in the report stating that." In response to questions regarding witnesses at the scene, the officer stated that he had taken down their names and that they were Loraine Lauman and Frances Wagne. Plaintiffs' counsel then asked if the police report revealed whether these witnesses had said anything about the boy coming from behind a parked vehicle and the officer said "No, sir."

On cross-examination, defendant's counsel inquired what the police report indicated witnesses Lauman and Wagne *had* told the officer. Over plaintiffs' objection that such statements were hearsay and conclusions, the officer was permitted to answer the question. The officer then stated: *"[T]hey observed the child ride his Big Wheel right into the path of the vehicle. The driver did not have time to stop, and he was not going at a fast speed."*

It is the admission of this testimony which forms the basis for plaintiffs' appeal. It is clear that under the ordinary rules of evidence, plaintiffs' objection was well founded and should have been sustained. Defendant, however, argues that the controverted statements were rendered admissible under the evidentiary exception referred to as "curative admissibility."

■ The doctrine of curative admissibility, as applied in Missouri, permits a party to reply to inadmissible evidence introduced by the opposing party with similar evidence if the introduction of such evidence is necessary to remove an unfair prejudice brought about by the admission of the earlier inadmissible evidence. *Ferguson v. Missouri Pac. R.R. Co.,* 442 S.W.2d 549, 554–55 (Mo.App.1969). However, the evidence adduced to rebut or explain the earlier inadmissible evidence must be "evidence of the same type or character." *Dickerson v. St. Louis Pub. Serv. Co.,* 365 Mo. 738, 286 S.W.2d 820, 827 (1956) (emphasis omitted). *See also, Sigman v. Kopp,* 378 S.W.2d 544, 547 (Mo.1964). There is also a further requirement that the party attempting to reply to the earlier inadmissible evidence must not have objected to that evidence when offered. *Ferguson v. Missouri Pac. R.R. Co.,* 442 S.W.2d 549, 554 (Mo.App. 1969). The admission of such curative evidence ordinarily rests in the sound discretion of the trial court. *Cato v. Modglin,* 545 S.W.2d 307, 312 (Mo.App.1976).

■ "It is hornbook law that a witness may not testify to facts if those facts are

based on hearsay. It is no less a violation of the hearsay rule to set up a set of circumstances by the testimony of a witness which invites the inference of hearsay." *State v. Valentine*, 587 S.W.2d 859, 861 (Mo. banc 1979). Here, plaintiffs' question of the officer as to the contents of his report falls clearly within this rule and was therefore objectional. This evidence came in initially without objection.[1]

▪ We believe plaintiffs' evidence that the accident report contained no mention by the witnesses regarding parked cars implied that the witnesses had, in fact, seen no parked cars, and that defendant's visibility at the time of the accident was unobstructed. Under these circumstances, the doctrine of curative admissibility applied, and as a matter of fundamental fairness, defendant was entitled to inquire as to what the officer did record these same witnesses as having said, even though this evidence too would have been otherwise inadmissible.

Although, as the court stated in *Jefferson v. Biggar*, 416 S.W.2d 933 (Mo.1967), there are limits to the application of the rule of curative admissibility, *Id.* at 937, defendant did not cross these limits here. In *Jefferson*, the testimony that the plaintiff offered was that of an officer who read from his report statements made by the plaintiff himself. On cross-examination, defendant inquired as to statements made by two other witnesses. The supreme court held the latter statements went beyond the bounds of the doctrine of curative admissibility and were not part of the same statement of which plaintiff had inquired. In the case at hand, however, defendant was asking the officer to, in effect, explain what the two witnesses whom he had testified in regard to on direct examination actually did say in the report. Therein lies the difference with *Jefferson*, where the evidence sought to be admitted under the curative admissibility doctrine was evidence regarding two witnesses whose statements had never been discussed in the plaintiff's direct examination.

▪ However, even if we had found that defendant's evidence did not fall within the curative admissibility rule, we believe that, as in *Jefferson*, in view of the extensive cross-examination and the fact that the witnesses testified in direct examination to substantially the same information as stated in the report, there was no prejudice. *Id.* at 938.

Judgment affirmed.

CRIST and SNYDER, JJ., concur.

1. Although defendant did subsequently object when plaintiffs sought to present this evidence again, the evidence was already before the jury. Defendant's failure to object at the first opportunity waived any error in regard to admission of the testimony. *Brown v. Thomas*, 316 S.W.2d 234, 237 (Mo.App.1958). Because the defendant therefore failed to preserve this issue for our review on appeal, we conclude that the curative admissibility doctrine is applicable; the doctrine's requirement that no objection be made to the inadmissible evidence is imposed merely to ensure that a party could not obtain the benefit of both curative admissibility and review of error in the admission of the evidence. *See Buck v. St. Louis Union Trust Co.*, 267 Mo. 644, 661–62, 185 S.W. 208, 213 (1916).