Claude B. ACKERMAN and Charlotte R. Ackerman, Plaintiffs-Appellants,

v.

Charles R. WATSON and E. Louise Watson, Defendants-Respondents.

No. 13918.

Missouri Court of Appeals,
Southern District,
Division Two.

May 1, 1985.

H.H. McNabb, Jr., McNabb & Pursley, Butler, for plaintiffs-appellants.

Bruce A. Bailey, Warrensburg, for defendants-respondents.

PREWITT, Chief Judge.

Plaintiffs-appellants contend that the trial court erroneously allowed defendant-respondent Charles R. Watson to introduce evidence that he was of good character. Defendant counters that the evidence was

proper because plaintiffs had brought Watson's character into issue.

Plaintiffs filed a petition claiming that defendants made false representations concerning the profits of a pool hall which they purchased from defendants. Defendants then sought recovery against plaintiffs based on a promissory note plaintiffs gave in partial payment for the pool hall. The disputes were presented to a jury. Its verdict was in favor of defendants on both claims and judgment was entered accordingly.

■ Plaintiffs' point on appeal states:

"The trial court erred in admitting evidence of Charles Watson's character, when his character was not placed in evidence by the pleadings, because such evidence was irrelevant and immaterial and which could tend to mislead the jury."

Plaintiffs rely on the rule that in a civil action, even where false representations are in issue, evidence of good character is not generally admissible. See *Milan Bank v. Richmond*, 235 Mo. 532, 139 S.W. 352, 355 (1911); *Lowe v. Montgomery*, 321 Mo. 330, 11 S.W.2d 41, 46–47 (banc 1928); *Dudley v. McCluer*, 65 Mo. 241, 243, 27 Am. Rep. 273 (1877). See also *Wood v. General Ins. Co. of America*, 229 Mo.App. 296, 77 S.W.2d 167, 168 (1934).

Certain exceptions to this rule are not applicable here, such as actions for libel, slander or malicious prosecution, where evidence of good character is relevant on the issue of damages. See *Reynolds v. Jobes*, 565 S.W.2d 690, 694 (Mo.App.1978).

■ Defendants do not quarrel with the general rule. They state that plaintiffs put Mr. Watson's character in issue by the following questions asked of him by plaintiffs' counsel:

Q. Were you drawing unemployment from Social Security?

A. Oh, yes, disability.

Q. You were drawing disability from Social Security?

A. Yes, sir.

Q. Were any of those checks going in there?

A. No, sir.

Q. By the way, do you work full-time in the pool hall?

A. Yes.

Q. And still drew disability income from Social Security?

A. Yes.

The Missouri cases on this issue indicate that defendants are correct. *Ferguson v. Simmons*, 226 Mo.App. 178, 43 S.W.2d 875, 876 (1931), was an action seeking damages for a wrongful search. It held that evidence that plaintiff was carrying a pistol the day before the search "brought plaintiff's character in issue, and he could prove his good character to rebut the claim of good faith."

In *Gourley v. Callahan*, 190 Mo.App. 666, 176 S.W. 239, 240 (1915), defendant was asked on cross-examination whether he made "an effort to violate another girl". It was held that this justified him in presenting evidence of his good character even though in effect he denied the accusations. The court said that "the imputation of immoral conduct conveyed in the question itself was sufficient to constitute an attack on—that is, draw—his character in issue and rendered competent evidence in his behalf of good repute, to the end of removing the cloud cast upon him by plaintiff." 176 S.W. at 241.

*Browning v. Browning*, 226 Mo.App. 322, 41 S.W.2d 860, 866 (1931), held that the plaintiff was entitled to put in evidence of her good general reputation for virtue because of defendant's pleadings and presentation of evidence of plaintiff's scandalous conduct, including that she "was unduly familiar with other men, kissed, caressed, and took undue liberties with them, smoked cigarettes, drank intoxicants, read and discussed salacious and unfit literature".

Plaintiffs tried to establish, or at least infer, that defendant Charles R. Watson was drawing disability social security benefits when he was not entitled to them. Whether plaintiffs should have been al-

lowed to show this, had defendants objected, is not before us, but by doing so they put his character into issue and he was allowed to rebut their insinuations by proof of his good character. The trial court did not err in admitting the evidence complained of.

Defendants filed two motions with this court which were taken with the case and are now denied.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.