Harold S. BAILEY, Virginia Ann
Bailey, Plaintiffs-Appellants,

v.

VALTEC HYDRAULICS, INC.,
Defendant-Respondent.

No. 53053.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 23, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 30, 1988.

Application to Transfer Denied
May 17, 1988.

Leo M. Newman, St. Louis, for plaintiffs-appellants.

Daniel T. Rabbitt, St. Louis, for defendant-respondent.

CRANDALL, Judge.

Plaintiffs, Harold Bailey and Virginia Bailey, his wife, brought this negligence action against defendant, Valtec Hydraulics, Inc. Plaintiff[1] sustained bodily injuries in July 1980, while he was unloading a truck incident to his employment. The lift on the back of the truck dropped to the ground, causing the load in the truck to fall on plaintiff. He claimed that defendant

had improperly repaired the cylinder in the hydraulic lift by welding a dimensionally different rod eye made of cast iron to the steel shaft of the cylinder. This weld produced a weak connection which separated during the unloading process. Defendant denied that it had performed the welding job. Plaintiff appeals from a judgment entered in favor of defendant pursuant to a jury verdict. We affirm.

In his first point, plaintiff alleges that the trial court erred in admitting into evidence a video tape which showed an employee of defendant repairing a hydraulic cylinder similar to the one involved in this case. The video tape was made in November 1986, approximately six years after the accident. The tape was used during the testimony of defendant's president.

■ The issue in admitting or rejecting a video tape is whether it is practical, instructive, and calculated to assist the jury in understanding the case. *Jones v. Wilbanks*, 735 S.W.2d 409, 410 (Mo.App.1987). The trial court's ruling regarding a video tape is accorded great weight and will not be disturbed on appeal unless it is shown to be an abuse of discretion. *Id.; see also Roque v. Kaw Transport Co.*, 697 S.W.2d 254, 256 (Mo.App.1985); *Beers v. Western Auto Supply Co.*, 646 S.W.2d 812, 815 (Mo.App.1982); *Cryts v. Ford Motor Co.*, 571 S.W.2d 683, 691 (Mo.App.1978).

Plaintiff asserts that the tape was hearsay, that it contained evidence of no probative value, and that its prejudicial effect outweighed its probative value. He argues that this court should not defer to the trial judge's discretion because the judge's failure to view the tape before it was shown to the jury nullifies the assumption that he exercised his discretion.

■ We first address the issue of the failure of the trial judge to view the video tape, in camera, before permitting it to be shown to the jury. Plaintiff's counsel was allowed to view the tape overnight and to make objections in chambers the next day

1. To facilitate an understanding of the facts and issues in this case, we use the singular form of plaintiff in reference to Harold Bailey because the claim of his wife, Virginia Bailey, is derivative of his claim.

prior to the tape being shown to the jury. There was never a request that the trial judge view the tape before the jury saw it. Plaintiff's counsel directed his objections to the tape in its entirety. He did not move to delete specific segments of the tape which he might have found objectionable, thereby requiring the trial judge to view the tape.

Clearly, the trial judge exercised his discretion. From the record made in chambers prior to the admission of the video tape it is obvious that the trial judge was aware of the general content of the tape. The judge viewed the tape at the same time it was shown to the jury. Plaintiff's counsel made objections during the showing of the tape to the jury. The trial judge had an opportunity to reconsider the admissibility issue when plaintiff renewed his objection to the tape during trial and again when he raised it as a point of error in his motion for new trial. Given the record in this case, the trial judge can hardly be faulted for not viewing the tape in chambers, *sua sponte.*

■ The salient issue is whether the video tape was practical, instructive, and helpful to the jury in understanding the case. The tape was used during the testimony of defendant's president as a demonstrative aid to help explain his testimony. The tape illustrated the disassembly and repair of a hydraulic cylinder which was similar to the one involved in the present action. Defendant's president was familiar with the repair process. A verbal description alone of the multistage repair procedure could have been potentially confusing to the jurors. The video tape was a graphic portrayal of defendant's president's oral testimony, used solely for the purpose of rendering that testimony more comprehensible to the trier of fact.

Lastly, the video tape was not hearsay. It was used not to prove the truth of the matter asserted, but rather as an aid to explain a mechanical procedure.

We have viewed the tape and carefully considered the record in this case. We find nothing in the tape that is prejudicial. The trial judge did not abuse his discretion. Plaintiff's first point is denied.

In his second point, plaintiff claims the trial court erred in allowing defendant's president to testify as to the names of defendant's regular customers [2] because such testimony interjected the false issue of defendant's good character and reputation and was therefore irrelevant, immaterial, and prejudicial to plaintiff. Defendant claims that the testimony was admissible to rebut an attack on defendant's "character" or reputation.

■ Evidence of good character in a civil action is generally not admissible. *Ackerman v. Watson,* 690 S.W.2d 498, 499 (Mo. App.1985). An exception is when an opposing party raises the issue of bad character. When that occurs, the party whose character is attacked is entitled to introduce evidence of good character to rebut the unfavorable inference. *See, e.g., Id.* at 499–500.

■ In this case, it is clear that plaintiff never put the issue of defendant's character in evidence. Plaintiff vigorously attacked the credibility of defendant's witnesses. An attack on the credibility of a witness, however, does not put the character of that witness in issue. The evidence as to defendant's regular customers was improperly admitted for the reason proffered by defendant's counsel.

The determination that evidence was inadmissible for the reason it was offered does not answer the ultimate issue of whether the record indicates prejudicial error, properly preserved for appellate review. Turning first to the preservation issue, we look to the objection made at trial by counsel for plaintiff. The stated objection was that the evidence was not relevant or material. Counsel did not specify why the testimony was not relevant or material or why it was prejudicial. On appeal, plain-

---

**2.** The pertinent testimony was as follows:
[DEFENSE COUNSEL]: Tell us briefly some of the people you regularly do business for.
[DEFENDANT'S PRESIDENT]: Union Electric, Monsanto, Fred Weber, all of the differ-
ent departments of the City of St. Louis, Missouri Highway Department, Alberici Construction, Laclede Steel, Granite City Steel.

tiff belatedly advances reasons to bolster his objections; but no such reasons were stated at trial. *See, e.g., Lindsey v. P.J. Hamill Transfer Co.*, 404 S.W.2d 397, 400 (Mo.App.1966).

■ Counsel's objection at trial invokes rules of evidence which cover a broad range of situations and which are often not readily apparent. The purpose of a trial objection is to avoid error, not to create it. An objection to a question should be so specific that the trial court can realize what rule of evidence is being invoked and why that rule would exclude a responsive answer. *Id.* A bare objection to evidence on the grounds of relevancy and materiality is too general to preserve the trial court's ruling for appellate review. *Meadows v. Kinser*, 603 S.W.2d 624, 626 (Mo.App.1980); *Gant v. Hanks*, 614 S.W.2d 740, 744 (Mo. App.1981).

■ In addition, while the admissibility of defendant's brief line of inquiry seems questionable, we do not find it so inflammatory and prejudicial as to amount to an abuse of discretion or to mandate reversal. *See Gant*, 614 S.W.2d at 744. The inquiry by counsel for defendant was brief. In order to arrive at a conclusion prejudicial to plaintiff, the jury would have to draw an inference on an inference that was favorable to defendant. While such inferences could be drawn from the testimony, they are tenuous. We also note that defense counsel made no reference to evidence of defendant's regular customers in closing argument.

A party is entitled to a fair trial, not a perfect one. Sometimes, evidence is received which, on reflection, should have been excluded. Unless the error committed materially affects the merits of the action, however, the judgment should not be reversed. Rule 84.13(b); *Davis v. Mathews*, 649 S.W.2d 256, 258 (Mo.App.1983). Even if the ruling was incorrect, the answer given worked no prejudice to plaintiff. *See Missouri Commercial Investment Co. v. Employers Mutual Casualty Co.*, 680 S.W.2d 397, 402 (Mo.App.1984). Plaintiff's second point is denied.

In his final point, plaintiff asserts that the trial court erred in sustaining defendant's objection to plaintiff's cross-examination of defendant's president about the corporate nature of defendant. The crux of plaintiff's argument is that defendant's president had testified on direct examination, without objection, that defendant was a "family-owned business." During cross-examination, the following exchange occurred.

[PLAINTIFF'S COUNSEL]: You are a family business you said?

[DEFENDANT'S PRESIDENT]: That's correct.

[PLAINTIFF'S COUNSEL]: Why are you incorporated?

The trial court sustained defendant's objection to the question.

Plaintiff contends that the controverted evidence was admissible under the doctrine of "curative admissibility." Plaintiff's argument, in substance, is that defendant's testimony put in issue defendant's business status; namely, whether defendant was family-owned or incorporated.

■ The doctrine of curative admissibility, as applied in Missouri, permits a party to reply to inadmissible evidence introduced by the opposing party with similar evidence if the introduction of such evidence is necessary to remove an unfair prejudice brought about by the admission of the earlier inadmissible evidence. *Gevermuehle v. Geimer*, 619 S.W.2d 320, 322 (Mo.App. 1981). However, the evidence adduced to rebut or to explain the earlier inadmissible evidence must be "evidence of the same type or character." *Id.* There is also a further requirement that the party attempting to reply to the earlier inadmissible evidence must not have objected to that evidence when offered. *Id.* The admission of such curative evidence ordinarily rests in the sound discretion of the trial court. *Id.*

■ There are limits, however, to the application of curative admissibility. *See Jefferson v. Biggar*, 416 S.W.2d 933, 937 (Mo.1967). Here, the evidence plaintiff sought to elicit was *why* defendant was incorporated not just whether defendant was incorporated. Plaintiff's inquiry into

defendant's reasons for incorporating went beyond just removing the unfair prejudice which might have ensued from the evidence that defendant was a family-owned business. As such, the controverted evidence was not of the same or similar type as the original evidence. The trial court did not abuse its broad discretion in refusing to permit plaintiff's evidence. Plaintiff's third point is denied.

The judgment of the trial court is affirmed.

SIMON, P.J., and GRIMM, J., concur.