William GILLIAM, Plaintiff–Appellant,

v.

CITY OF ST. LOUIS, Defendant–Respondent.

No. 54785.

Missouri Court of Appeals, Eastern District, Division One.

March 7, 1989.

Wayne Richard Brewster, St. Louis, for plaintiff-appellant.

Stephen Joseph Kovac, Edward James Hanlon, St. Louis, for defendant-respondent.

CRANDALL, Presiding Judge.

William Gilliam (plaintiff) appeals from the judgment of the trial court, following a jury trial, denying him recovery for bodily injuries that he claims he sustained when he drove over a five to six inch bump on a street in the City of St. Louis (defendant). Plaintiff argues that the trial court erred in overruling his objection that a witness should have been disqualified because he was a "member of the regular panel of the jury." Plaintiff also asserts that the trial court erred in overruling two relevancy objections. We affirm.

Plaintiff, a bus driver, was driving on the city streets of Tucker and Biddle on May 14, 1984, when he allegedly drove over a five to six inch bump in the road. He stated that he was jolted out of his seat and, as a result thereof, sustained back injuries. At trial, plaintiff called Roger Chadwick, a city engineer, as one of his witnesses. The engineer explained that there was an expansion joint at the intersection where plaintiff was injured which caused the road to buckle and form a bump in the road. Chadwick stated that the expansion joint, which was inspected in 1982, was found to have approximately three inches of deflection, deterioration, and movement. Chadwick also explained that the City had a long-standing awareness of the expansion joint deterioration prior to the plaintiff's accident. During cross-examination the witness stated, over plaintiff's objection, that the city had never received any complaints regarding this expansion joint. The city then called Ronald Montgomery as its only witness. Montgomery was a venireperson for this case who was not selected for the jury. Montgomery testified that he drove on this section of road two to three times a week and never suffered any injury to his person or damage to his vehicle. He also testified that he did not know of any other driver who had been injured or whose vehicle had been damaged as a result of driving through this intersection. The jury returned a defendant's verdict assessing zero percent fault to both plaintiff and defendant.

■ Plaintiff's first point on appeal concerns defendant's calling Montgomery as a witness. Plaintiff argues that § 494.090, RSMo (1986) prohibits Montgomery from being called as witness. That section provides:

> Juror on panel not summoned off as witness—exception.—It shall be unlawful for any party to any suit to have summoned off of the regular panel of any jury, qualified for the trial of any cause, any of such jurors, to be used as witnesses in any cause pending in the court, unless the party at whose instance such juror or jurors is summoned shall first show, to the satisfaction of the court, that such juror or jurors so to be summoned are material witnesses, whose evidence he should have in the trial of the cause, and unless he so show, the court may refuse to allow such juror to be summoned off the jury; provided, any person summoned as a juror may be summoned as a witness prior to the first

day of the term without first showing to the court that such person is a material witness.

A previously excused member of a venire panel may be called as a witness. *E.C. Robinson Lumber Co. v. Cottonseed Delinting Corp.*, 207 S.W.2d 63, 66 (Mo.App. 1947). A summoned juror, who has been excused, is no longer a juror. *Id.* Plaintiff's first point is denied.

Plaintiff argues in his second point that the trial court erred in permitting Montgomery and Chadwick to testify, over plaintiff's objections, concerning lack of injury and complaints with respect to the road in issue. Plaintiff contends this testimony was irrelevant and prejudicial.

■ We address the two witnesses' testimony separately because different legal issues are involved. Chadwick testified during cross-examination that the city failed to receive any complaint about the street in question. Knowledge or notice was one of the elements of the plaintiff's verdict directing instruction. *See Welkener v. Kirkwood Drug Store Co.*, 734 S.W.2d 233, 244 (Mo.App.1987). Chadwick's testimony was admissible because it was relevant to that issue.

■ Plaintiff further alleges his relevancy objection should have been sustained when defendant's counsel asked Montgomery if he had ever been injured while driving over the road section in controversy.

The portion of the transcript pertinent to this issue follows:

Q. You didn't sustain any injury [while driving on the road in question]?
[Plaintiff's attorney]: Objection, irrelevant. The court: Overruled.
Q. You didn't sustain any injury or damage to your car driving on it, did you?
A. No.
Q. You are not aware of anyone else who did?
A. No.

Plaintiff generally objected at trial on grounds of irrelevancy without explaining why the information sought was irrelevant. Such an objection preserves nothing for appellate review. *Hamra v. Boone County Development Co.*, 602 S.W.2d 721, 724 (Mo.App.1980). There is no reversible error for admitting even inadmissible evidence when the trial objection is not specific or fails to contain the proper ground for its exclusion. *Williams v. John Hancock Mut. Life Ins. Co.*, 718 S.W.2d 611, 614 (Mo.App.1986). Plaintiff's second point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.