Christine BLOUNT, Plaintiff–
Respondent,

v.

Carl PEIPERS, Defendant–Appellant.

No. 63102.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 2, 1993.

Carl D. Kraft, Melinda A. Friedman, Kraft & Friedman, St. Louis, for defendant-appellant.

Cundiff, Turken & Londoff, Stephen R. Fleddermann, St. Charles, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Carl Peipers, appeals from a judgment in favor of plaintiff, Christine Blount, after a jury trial, in plaintiff's action for bodily injury. We affirm.

Plaintiff was involved in an automobile accident with defendant. Plaintiff was driving southbound on New Florissant Road, a four-lane road, in the inside lane. She stopped when the car in front of her was stopped to make a left-hand turn. Defendant, who was driving in the outside lane, changed to the inside lane to pass a car in front of him. Defendant testified that he had problems seeing plaintiff's car before he switched into the inside lane because it was raining and plaintiff's left brake light was dim. Defendant did see plaintiff's right brake light after he had moved into the inside lane. The vehicle operated by defendant struck the rear of plaintiff's vehicle while it was stopped.

A police officer was called to the accident scene. Defendant told him that he believed

plaintiff's left brake light was dim or malfunctioning before the accident. The officer asked plaintiff to get into her car and step on the brake pedal while he and defendant observed the brake lights. The left brake light was dim. Plaintiff gave defendant permission to open her trunk to look at the bulb. The brake light appeared to be loose. Defendant tightened the bulb which restored the light to full brightness.

The submission of the case to the jury included an instruction permitting the jury to consider plaintiff's comparative fault in operating her car with a defective brake light. The jury awarded plaintiff $20,000 in damages and found defendant 100 percent at fault.

On appeal, defendant claims the trial court erred in admitting testimony, over objection, that plaintiff did not receive a ticket for a defective brake light. He argues that the testimony of the officer inferred to the jury that the officer had determined that plaintiff was not at fault.

Plaintiff testified on direct examination:

Q: You didn't receive any sort of violation for having [a] defective taillight did you?

A: No, I didn't.

Mr. Kraft: I object. That's irrelevant.

The Court: Overruled.

The officer testified on direct examination:

Q: With regard to that taillight, the taillight lens, the bulb specifically, do you have any personal knowledge or any way of having knowledge as to whether or not that bulb was dim or knocked loose from the socket prior to the accident and or whether that bulb was knocked loose as a result of the accident?

Mr. Kraft: Objection. Calls for speculation, Your Honor.

Mr. Fleddermann: I'm asking if he has any method of knowing, Your Honor.

The Court: Overruled.

Mr. Kraft: It would be hearsay also.

A: No, I don't.

Q: And you did not give Ms. Entwistle, Ms. Blount at that time, any equipment violation, did you?

Mr. Kraft: I'll object as irrelevant, Your Honor.

The Court: Overruled.

A: No, I did not.

■ Missouri case law is clear that it is improper to introduce evidence showing the investigating officer did or did not issue a traffic citation to a driver. *Stucker v. Chitwood*, 841 S.W.2d 816, 820 (Mo.App.S.D. 1992). *See also Wills v. Townes Cadillac–Oldsmobile, Inc.*, 490 S.W.2d 257, 262–263 (Mo.1973). Such testimony by a police officer presents a false issue to the jury and infringes on the jury's role to make a determination of the driver's fault. *Stucker v. Chitwood*, 841 S.W.2d at 820.

The determination that the evidence was inadmissible does not end the inquiry. The salient issue is whether the error was properly preserved and whether it was prejudicial to defendant. Turning first to the preservation issue, we consider plaintiff's objection to the evidence at trial.

■ To preserve error, an objection to evidence must be sufficiently clear and definite so the trial court will understand the reason for the objection. *Williams v. Bailey*, 759 S.W.2d 394, 397 (Mo.App.1988). Here, plaintiff objected on the grounds of irrelevancy without explaining why the evidence was irrelevant. Generally, such an objection preserves nothing for appellate review. *Gilliam v. City of St. Louis*, 766 S.W.2d 172, 174 (Mo.App.1989). Defendant's motion for new trial alleged error in general terms. On appeal, plaintiff advances specific reasons why the evidence was irrelevant but no such reasons were stated at trial or in his motion for new trial.

An objection that testimony is irrelevant invokes a rule of evidence which covers

> a broad range of situations and which are often not readily apparent. The purpose of a trial objection is to avoid error, not to create it. An objection to a question should be so specific that the trial court can realize what rule of evidence is being invoked and why that rule would exclude a responsive answer. A bare objection to evidence on the grounds of relevancy and

materiality is too general to preserve the trial court's ruling for appellate review.

*Bailey v. Valtec Hydraulics, Inc.,* 748 S.W.2d 805, 808 (Mo.App.1988) (citation omitted); *see generally* 1 Mo.Evidence §§ 4.2 (MoBar 4th ed. 1993); Mo.Evidence Restated §§ 103 (MoBar 2d ed. 1993). Thus, plaintiff's objection did not preserve the error for appellate review.

■ In addition, the admission of the evidence was not prejudicial to defendant. Plaintiff's inquiries were brief; the matter was not referred to in closing argument. Most importantly, the inference suggested by defendant's argument does not flow from the evidence. The jury heard evidence that defendant said the brake light was defective prior to the accident. The evidence is undisputed that it was not functioning properly after the accident. The police officer testified, in effect, that he had no way of knowing, what the condition of the brake light was prior to the accident. The fact that he did not issue a traffic citation to plaintiff simply raises an inference, consistent with his prior testimony, that he did not know whether or not plaintiff was at a fault. Contrary to defendant's contention, it does not raise an inference that because the officer did not give her a ticket he thought that she was not at fault. Thus, the admission of the testimony did not materially affect the merits of the action. *See* Rule 84.13(b). Even if the rulings were incorrect, the answers given worked no prejudice to defendant. *Bailey,* 748 S.W.2d at 808. Defendant's point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.